```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUGGENHEIM CAPITAL, LLC, AND
GUGGENHEIM PARTNERS, LLC,

                Plaintiffs,

v.

CATARINA PIETRA TOUMEI, A/K/A LADY
CATARINA PIETRA TOUMEI A/K/A
CATARINA FREDERICK; VLADIMIR
ZURAVEL A/K/A VLADIMIR
GUGGENHEIM A/K/A VLADIMIR Z.
GUGGENHEIM; A/K/A VLADIMIR Z.
GUGGENHEIM BANK; DAVID BIRNBAUM
A/K/A DAVID B. GUGGENHEIM; ELI
PICHEL; THEODOR PARDO; AND JOHN
DOES 1-10,

                Defendants.

10 Civ. 8830 (PGG)

**ORDER GRANTING PRELIMINARY INJUNCTION**

       On December 17, 2010, this Court conducted a hearing concerning Plaintiffs' motion for a preliminary injunction. Although notice of the hearing was provided to all defendants, only Defendant David Birnbaum appeared. Having reviewed the declarations of Jeffrey Bartlett (Dkt. No. 6), Lawrence Carroll (Dkt. No. 5), John J. Dabney (Dkt. 7); the Verified Complaint filed in this action and the exhibits thereto (Dkt. 1); and Plaintiffs' proposed Order Granting Preliminary Injunction, the Court makes the following findings of facts and conclusions of law:

       1.     Plaintiff Guggenheim Capital, LLC is a financial services and investment management holding company, headquartered in Chicago, Illinois, with an office in New York, New York. Plaintiff Guggenheim Partners, LLC is a wholly-owned subsidiary of Guggenheim Capital LLC and has an office and is qualified to do business in New York, New York.

2.   Defendants are individuals residing in New York, California, Florida, and additional locations currently unknown.

3.   For more than fifty 50 years, Plaintiffs and their predecessors-in-interest have advertised and offered financial consultation and investment services under the mark GUGGENHEIM and formatives thereof, such as GUGGENHEIM CAPITAL, GUGGENHEIM PARTNERS, GUGGENHEIM ADVISORS, GUGGENHEIM INVESTMENT ADVISORS, GUGGENHEIM FUNDS and GUGGENHEIM SECURITIES (collectively, "GUGGENHEIM Marks").

4.   Plaintiff Guggenheim Capital, LLC owns U.S. trademark registrations for the mark GUGGENHEIM and formatives thereof and licenses some of those marks to Plaintiff Guggenheim Partners, LLC, including U.S. Reg. No. 3,121,127 for GUGGENHEIM; U.S. Reg. No. 3,110,878 for GUGGENHEIM PARTNERS; U.S. Reg. No. 3,712,544 for GUGGENHEIM INVESTMENT ADVISORS; and U.S. Reg. No. 3,712,545 for GUGGENHEIM REAL ESTATE.

5.   Plaintiffs have offered substantial evidence that Defendants have used and are using counterfeit copies and unauthorized reproductions of Plaintiffs' GUGGENHEIM trademarks in connection with the advertising, offering to sell, sale and/or rendering of products and services, including financial consultation and investment services, as set forth in Plaintiffs' Verified Complaint and declarations.

6.   There is a likelihood that Defendants' continued advertising, offering to sell, sale and/or rendering of products and services under counterfeit copies and unauthorized reproductions of Plaintiffs' GUGGENHEIM trademarks will cause Plaintiffs immediate and irreparable injury if the relief requested is not ordered, including diminution of the value of

Plaintiffs' trademarks, impairment of goodwill and reputation, confusion in the marketplace, and dilution of the distinctiveness of Plaintiffs' famous GUGGENHEIM trademarks. The Court's finding on this point is supported by evidence of actual confusion in the marketplace.

7. The harm to Plaintiffs from denial of the requested preliminary injunction outweighs the harm to Defendants' legitimate interests against granting such an order. Plaintiffs' have no right to use Defendants' marks, and accordingly, the preliminary injunction sought by Plaintiffs would not deny Defendants any legal right or benefit.

8. Grant of this preliminary injunction is in the public interest, given that Defendants' use of Plaintiffs' marks has led to actual confusion in the marketplace, and presents a serious risk of fraud.

9. For all of these reasons, and those stated on the record at the December 17, 2010 hearing, Plaintiffs have met the requirements of Rule 65 of the Federal Rules of Civil Procedure to obtain a preliminary injunction.

THEREFORE, Plaintiffs' motion for preliminary injunction is GRANTED, and IT IS HEREBY ORDERED that:

A. Defendants Catarina Pietra Toumei, a/k/a Lady Catarina Toumei and Catarina Frederick; Vladimir Zuravel, a/k/a Vladimir Guggenheim, Vladimir Z. Guggenheim and Zladimir G. Guggenheim Bank; David Birnbaum, a/k/a David Guggenheim and David B. Guggenheim; Eli Pichel; Theodor Pardo a/k/a Theodore Pardo; and any John Doe defendant who receives notice of this Order by any means, and each of their respective partners, owners, officers, directors, associates, agents, servants, employees, attorneys, successors and assigns, and all other persons acting in active concert or participation with them are hereby enjoined and restrained from:

1.	Using Plaintiffs' GUGGENHEIM trademarks alone or in combination with any other mark, term, symbol, designation or design, or any term that is confusingly similar to Plaintiffs' GUGGENHEIM trademarks, including, but not limited to, use of:

- "Guggenheim";
- "Guggenheim Capital";
- "Guggenheim Partners";
- "Guggenheim Fund;"
- "Guggenheim Advisors;"
- "Guggenheim Investment Advisors";
- "Guggenheim Real Estate Advisors";
- "Guggenheim Brothers";
- "Guggenheim Securities";
- "Vladimir Z. Guggenheim";
- "David B. Guggenheim";
- "Mr. Guggenheim" or "Messrs. Guggenheim";
- "Guggenheim family";
- "Guggenheims";
- "Guggenheim Foundation";
- "Guggenheim Museums";
- "The Solomon R. Guggenheim Museum";
- "The Peggy Guggenheim Collection";
- "The Guggenheim Museum Bilbao";
- "Deutsche Guggenheim";

- "Guggenheim Abu Dhabi";
- "Guggenheim bank"; and
- "Guggenheim private diamond collection."

2. Using Plaintiffs' GUGGENHEIM trademarks alone or in combination with any other trademark, term, symbol or design, or any term that is confusingly similar to Plaintiffs' GUGGENHEIM trademarks, including, without limitation, the terms listed above, in connection with the advertising or rendering of any products or services, including, without limitation, financial and investment products and services;

3. Registering or using any domain name incorporating GUGGENHEIM, any of Plaintiffs' GUGGENHEIM trademarks, or any similar mark;

4. Falsely designating the origin of Defendants' products or services;

5. Using any word, term, name, symbol or device, or any combination thereof, or any false designation of origin or misleading representation of fact that is likely to cause confusion, to cause mistake, or to deceive regarding the origin, sponsorship or approval of Defendants' products or services or falsely to imply a connection or affiliation with Plaintiffs or Plaintiffs' GUGGENHEIM-branded products or services;

6. Unfairly competing with Plaintiffs in any manner;

7. Causing a likelihood of confusion with regard to the origin, sponsorship, affiliation, approval, connection of Defendants' products and services or injuring Plaintiffs' business reputation; and

8. Committing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to deceive purchasers, consumers or investors about the source of the origin, sponsorship or approval of the parties' products or services; and it is further

IT APPEARING to the Court that Defendants are advertising, promoting, distributing, offering for sale and/or selling investment and financial products and services under counterfeits and unauthorized reproductions of Plaintiffs' GUGGENHEIM trademarks and will continue to carry out such acts unless restrained by Order of the Court; it is further

D. ORDERED, that Defendants are enjoined and restrained from destroying, moving, discarding, or otherwise disposing of, in any manner, any products or any materials containing counterfeits and unauthorized reproductions of Plaintiffs' GUGGENHEIM trademarks, any derivation of colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from Plaintiff's GUGGENHEIM trademarks; and it is further

E. ORDERED, that Defendants are enjoined and restrained from destroying, moving, discarding, or otherwise disposing of, in any manner, any books, documents or records which contain any information relating to the advertising, promotion, distribution, offering for sale and/or selling products and services under counterfeits and unauthorized reproductions of Plaintiffs' GUGGENHEIM trademarks; and it is further

F. ORDERED, that Defendants must transfer ownership of the domain name "guggenheimadvisors.org" to Plaintiffs.

Dated: New York, New York
December 17, 2010

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge