UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
╔════════════════════════════════╗
║ USDC SDNY                       ║
║ DOCUMENT                        ║
║ ELECTRONICALLY FILED            ║
║ DOC #:_____           ║
║ DATE FILED: 2\10\11             ║
╚════════════════════════════════╝
```

GUGGENHEIM CAPITAL, LLC, AND
GUGGENHEIM PARTNERS, LLC,

                    Plaintiffs,

            v.                                          **ORDER**

CATARINA PIETRA TOUMEI, A/K/A LADY              10 Civ. 8830 (PGG)
CATARINA PIETRA TOUMEI A/K/A CATARINA
FREDERICK; VLADIMIR ZURAVEL A/K/A
VLADIMIR GUGGENHEIM A/K/A VLADIMIR Z.
GUGGENHEIM A/K/A VLADIMIR Z.
GUGGENHEIM BANK; DAVID BIRNBAUM
A/K/A DAVID B. GUGGENHEIM; ELI PICHEL;
THEODOR PARDO; AND JOHN DOES 1-10,

                    Defendants.

PAUL G. GARDEPHE, U.S.D.J.:

            Defendant Birnbaum's motion for a stay of discovery is denied.  With respect to

Defendant Birnbaum's assertion of his Fifth Amendment privilege as to Plaintiffs'

interrogatories and document requests, this Court will not approve a blanket application of the

privilege.  To the extent that Defendant Birnbaum asserts that answering Plaintiff's

interrogatories would violate his privilege against self-incrimination, Defendant Birnbaum will

address each interrogatory individually, and set forth, as to each interrogatory, how answering

that interrogatory would expose him to a risk of self-incrimination.  With respect to Plaintiffs'

document requests, Defendant Birnbaum will produce to this Court forthwith, for in camera

inspection, all responsive documents.  To the extent that Defendant Birnbaum asserts his Fifth

Amendment privilege as to production of any document, counsel will set forth – individually as

to each document – why production of that document would subject Defendant Birnbaum to a

risk of self-incrimination.  Every assertion of the Fifth Amendment privilege – as to each interrogatory or document – must be supported by citation to supporting case law.  As noted above, responsive documents are to be produced to this Court forthwith.  Defendant Birnbaum will make any supplementary submission concerning his assertion of the privilege by close of business on February 15, 2011.

It is further ORDERED that the deposition of Defendant David Birnbaum will recommence – at a date, time, and place convenient to Plaintiffs – and will proceed in a manner consistent with this Court's directions during the February 8, 2011 telephone conference.  Having reviewed the parties' submissions concerning the February 8, 2011 deposition, it is apparent that Defendant Birnbaum and his counsel violated this Court's repeated instructions concerning procedure at the deposition.

During the February 8, 2011 telephone conference, the Court repeatedly outlined how the deposition was to proceed.  The Court directed Defendant Birnbaum to sit for Plaintiffs' questions and to assert his Fifth Amendment privilege to Plaintiffs' questions as he deemed appropriate.  After Plaintiffs' counsel pointed out that Defendant Birnbaum's counsel in the criminal action against him – Robert Ray – had not filed a notice of appearance in the civil case before me, the Court further directed that representation of Defendant Birnbaum at the deposition would be performed exclusively by Ben Manevitz.  The Defendant and his counsel ignored these directives, disrupting and ultimately terminating the deposition shortly after the telephone conference.

The deposition of Defendant Birnbaum will resume in accordance with this Order.  Any further improper disruption of the deposition will not be tolerated, and sanctions will be

imposed on the Defendant and his counsel in the event that the conduct that took place on

February 8, 2011 is repeated.

Dated: New York, New York
     February 10, 2011           SO ORDERED.

Paul G. Gardephe
United States District Judge