Street, New York, New York, for an Order dismissing Plaintiffs' Second Amended

Complaint in all its particulars as against Defendants Birnbaum and Dabir, and entering

such other and further relief as the Court may deem proper.


DATED:   February 14, 2011                     Respectfully Submitted,


                                               __/s/Ben D. Manevitz/_____

                                               Manevitz Law Firm LLC
                                               Ben D. Manevitz
                                               128 Boulevard
                                               Suite 13
                                               Passaic, NJ  07055-4769
                                               Tel:  973/594-6529
                                               Fax: 973/689-9529
                                               Email: ben@manevitzlaw.com

                                               Attorney for Defendant David Birnbaum


## CERTIFICATE OF SERVICE

        I hereby certify that on February 14, 2011, I served the foregoing Defendant
Birnbaum's Notice of Motion to Stay Proceedings Pending Resolution of the Related
Criminal Prosecution upon counsel for the Plaintiffs, as well as all other parties in this
action, by email (PDF version), by facsimile transmission where possible, as well as on
Plaintiffs by first class mail.


                                               __/s/Ben D. Manevitz/_____
                                               Ben D. Manevitz

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ X
GUGGENHEIM CAPITAL, LLC and.            :
GUGGENHEIM PARTNERS, LLC,               :        Civil Action No.:  10 CV 8830 (PGG)
                                        :
                      Plaintiffs,       :
                                        :
              v.                        :
                                        :
CATARINA PIETRA TOUMEI, A/K/A LADY      :
CATARINA PIETRA TOUMEI A/K/A CATARINA:
FREDERICK; VLADIMIR ZURAVEL A/K/A       :
VLADIMIR GUGGENHEIM A/K/A VLADIMIR      :
Z. GUGGENHEIM A/K/A  VLADIMIR Z.        :
GUGGENHEIM BANK; DAVID BIRNBAUM         :
A/K/A DAVID B. GUGGENHEIM; ELI PICHEL;  :
THEODOR PARDO; DABIR, INT'L;            :
AND JOHN DOES 1-10,                     :
                                        :
                      Defendants.       :
------------------------------------------------------ X


### MEMORANDUM OF LAW IN SUPPORT OF MOTION BY
### DEFENDANTS BIRNBAUM AND DABIR, INT'L TO DISMISS

Manevitz Law Firm LLC
Ben D. Manevitz
128 Boulevard
Suite 13
Passaic, NJ  07055-4769
Tel:  973/594-6529
Fax: 973/689-9529
Email: ben@manevitzlaw.com

Attorneys for Defendants David Birnbaum
and Dabir, Int'l.

# TABLE OF CONTENTS

*TABLE OF CONTENTS* ................................................................................................ *i*

*TABLE OF AUTHORITIES* ......................................................................................... *ii*

*PRELIMINARY STATEMENT* ..................................................................................... *1*

*STATEMENT OF FACTS* ............................................................................................. *1*

    A.  Plaintiffs' Second Amended Complaint: ............................................................. 2

*LEGAL STANDARD* ................................................................................................... **5**

*LEGAL ARGUMENT* .................................................................................................. **7**

   I.     THE SECOND AMENDED COMPLAINT FAILS TO PLEAD CULPABLE ACTIONS
ATTRIBUTABLE TO THE MOVING DEFENDANTS. ............................................. **7**

    A.  Merely "Lumping" Defendants Together is Inadequate Under Rule 8 .......... 7

    B.  "Lumping" is Even More Unacceptable for Claims Sounding in Fraud .......... 8

    C.  The Group Pleading Doctrine Does Not Rescue Plaintiffs' Second Amended Complaint ... 10

   II.    THE QUESTION OF BIRNBAUM'S SURNAME ...................................... **12**

   III.    EACH AND EVERY ONE OF PLAINTIFFS' CLAIMS FOR RELIEF ARE INSUFFICIENT
AS A MATTER OF LAW .................................................................................. **14**

    A.  Trademark Infringement ............................................................................... 14

    B.  Trafficking in Counterfeit Marks ................................................................. 15

    C.  Trademark Dilution ....................................................................................... 15

    D.  Cyberpiracy .................................................................................................... 15

    E.  False Advertising ........................................................................................... 15

    F.  Unfair Competition ....................................................................................... 15

    G.  Federal Civil RICO Violations .................................................................... 16

    H.  New York Trademark Infringement ............................................................ 17

    I.  New York Trademark Dilution ..................................................................... 17

    J.  New York Deceptive Practices ..................................................................... 17

    K.  Fraud .............................................................................................................. 17

# TABLE OF AUTHORITIES

## CASES

*Acito v. IMCERA Group, Inc.*, 47 F.3d 47 (2d Cir. 1995) ..................................................... 7

*Ainwick v. European Micro Holdings, Inc.*, 281 F.Supp.2d 629 (S.D.N.Y. 2003) ................ 9

*Am. Fuel Corn. V. Utah Energy Dev. Co.*, 122 F.3d 130 (2d Cir. 1997) ............................... 3

*Appalachian Enters., Inc. v. ePayment Solutions Ltd.*, 2004 WL 2813121 (S.D.N.Y. 2004) ........ 6

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937 (2009) ........................................................ 6

*Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 2001 WL 604902, (2d Cir. 2001) .............. 7

*Azrielli v. Cohen Law Offices*, 21 F.3d 512 (2d Cir. 1994) .................................................. 16

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................... 6, 18

*Brass v. Am. Film Techs., Inc.*, 987 F.2d 142 (2d Cir. 1993) ............................................... 6

*Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364 (11th Cir. 1997) ....... 8

*In re Alstom SA*, 406 F. Supp.2d 433 (S.D.N.Y. 2005) ....................................................... 11

*In re Crude Oil Commodity Litigation*, 2007 WL 1946553 (S.D.N.Y. June 28, 2007) ........... 9

*In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d. 385 (S.D.N.Y. 2003) ........ 3

*Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229 (2d Cir. 2007) ................................... 6

*Khan v. Douglas Machine & Tool Co., Inc.*, 661 F. Supp. 2d 437 (S.D.N.Y. 2009) ............... 3

*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273(2d Cir. 2006) ....................................................... 7

*Macia v. Microsoft Corp.*, 152 F. Supp. 2d 535 (D. Vermont 2001) ................................... 15

*Manos v. Geissler*, 377 F. Supp. 2d 422 (S.D.N.Y. 2005) ................................................... 3

*Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) ........................................... 12

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, 1994 WL 88129 (S.D.N.Y. Mar. 15, 1994) .......... 9

*Mills v. Polar Molecular Corp.*, 12 F.3d 1170 (2d Cir. 1993) .............................................. 7

*Morin v. Trupin*, 711 F.Supp. 97 (S.D.N.Y. 1989) ............................................................. 17

*Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, (2d Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984)......... 16

*Omega S.A. v. Omega Engineering, Inc.*, 396 F. Supp. 2d 166 (D. Conn. 2005) .................. 15

*Philips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), *cert. denied*, 126 S. Ct. 1332 (2006) ......... 12

*Piven v. Wolf Haldenstein Adler Freeman & Herz LLP*, 2010 WL 1257326 (S.D.N.Y. 2010). ......... 12

*Polar Int'l Beverage Corp. v. Reeve*, 108 F. Supp.2d 225 (S.D.N.Y. 2000) ......................... 10

*Sears v. Likens*, 912 F.2d 889 (7th Cir. 1990) ...................................................................... 8

*SEC v. Czarnik*, 2010 BL 281698 (S.D.N.Y. Nov. 29, 2010) .............................................. 10

*Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985) .................................................. 16

*Sedona Corp. v. Ladenburg Thalmann & Co., Inc.*, 2005 WL 1902780 (S.D.N.Y. Aug. 9, 2005)........ 9

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124 (2d Cir. 1994) ......................................... 7

*Southerland v. New York City Housing Authority*, 2010 WL 4916935 (E.D.N.Y. 2010) ........ 8

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ............................................................ 8

*US v.Persico*, 832 F.2d 705, 714 (2d Cir. 1987), *cert. denied*, 486 U.S. 1022 (1988) .......... 16

*Vanzandt v. OK Dep't Human Serv's.*, 276 Fed. Appx. 843 (10th Cir. 2008) ....................... 7

## STATUTES

15 U.S.C.A. § 1115 ................................................................................................................ 14

18 U.S.C. §§ 1961 ................................................................................................................. 5

18 U.S.C. §§ 1962(c) ............................................................................................................. 5

## PRELIMINARY STATEMENT

Defendants David Birnbaum ("Birnbaum") and Dabir, Int'l ("Dabir") (collectively, "Moving Defendants")  make this motion to dismiss all the claims of Plaintiffs' Second Amended Complaint as against Moving Defendants, because Plaintiffs have failed to plead sufficient acts by either of the Moving Defendants that could support any of Plaintiffs' causes of action.

Plaintiffs' Second Amended Complaint ("SAC") lays out a series of allegations and documents that may, in fact, tell a convincing story of harms suffered by the Plaintiffs.  The problem faced by Plaintiffs is that even if the allegations and documents do tell that story, they don't tell that story <u>about the Moving Defendants</u>.  Included with (and incorporated into) the SAC are any number of documents.  Moving Defendant's don't concede the question, but express no opinion as to whether or not those documents weave convincing cords, tying <u>some</u> of the defendants in this case to Plaintiffs' tale of woe; but as between the Moving Defendants and the Plaintiff's harm, those documents spin not even the thinnest of threads.

## STATEMENT OF FACTS

All the facts set forth herein are based on the Plaintiffs' Second Amended Complaint.[1]

Plaintiffs Guggenheim Partners, LLC and and Guggenheim Capital, LLC are financial firms in the United States, involved in financial services, investment

---

[1] Nothing in this recitation of facts should be taken as an admission or concession; the recitation is made in accordance with the rule that "[o]n a motion to dismiss under Rule 12(b)(6), the Court assumes all alleged facts to be true and construes all alleged facts in the light most favorable to Plaintiffs."  *See, Cleveland v. Caplaw Enterprises,* 448 F.3d 518, 521 (2d Cir. 2006).

management holding, and the offering of investment products, providing services to individuals and institutional investors.

Defendants Toumei, Zuravel, Pichel, and Pardo, as well as the Doe Defendants are individuals and entities as described in the Complaint.

Defendant Birnbaum, who also goes by the name "David B. Guggenheim" is an individual residing in New York.  Mr. Birnbaum is not connected with Plaintiffs. Because Plaintiffs have by their own efforts disavowed a connection between their GUGGENHEIM trademarks and the Guggenheim family name (as discussed below),[2] the allegation that Defendant Birnbaum is not connected with Plaintiffs or is otherwise not entitled to use the term GUGGENHEIM does not – can not – constitute a claim or allegation that Guggenheim is not the proper surname of Defendant Birnbaum. Defendant Dabir International, Ltd. is a corporate entity located at the same address as Defendant Birnbaum.

### A.  Plaintiffs' Second Amended Complaint:

Plaintiffs' SAC contains 203 allegations with any bearing on the instant motion.[3] There are 10 allegations directed to identifying the parties, 76 "Factual Allegations," and 117 paragraphs under Claims for Relief.  The SAC itself runs to fifty pages, and includes twenty-nine exhibits.

---

[2] See Section ___, below.
[3] There are 179 numbered paragraphs; paragraph 142 has 17 subparts and 143 has 13 subparts.  Paragraphs 16 to 20 speak to jurisdiction and venue.  There is apparently a cut-and-paste error at the end of Paragraph 73, beginning with the block quote and extending through the end of that numbered paragraph; Moving Defendants are assuming that is an error and are not addressing that text in this motion.

Among those 203 allegations, there are exactly <u>eight</u> that speak to actions by the Moving Defendants; of the 29 Exhibits, only two contain anything that can impute any act to either of the Moving Defendants:[4]

Paragraph 10 identifies Defendant Birnbaum, including the allegation that he is not "connected" with Plaintiffs.

Paragraph 11 identifies Dabir International, Ltd., including an allegation concerning Dabir's trademark application. (SAC Ex. B).  Paragraph 11 also alleges that Birnbaum "personally and solely owns, controls, directs, authorizes and operates" Dabir.  Paragraph 11 also makes the naked, conclusory allegation that Dabir the "alter ego" of Birnbaum.[5]

Paragraph 15 does not actually speak to any act of the Moving Defendants specifically, but is included because it makes the raw allegation that all the Defendants "have engaged in the acts described herein jointly or severally."  While not speaking directly to any act of the Moving Defendants, it does implicate those acts in the larger context of the SAC.

Paragraphs 43 and 44 together speak to dealings with the Coca-Cola Company, referencing an email from the Coca-Cola Company describing those dealings.  (SAC Ex. 10).  Paragraph 43 makes allegations about repeated phone calls from Defendant

---

[4] Paragraphs 10, 11, 15, 43, 44, 73, 137, and 142(f).

[5] Bare, conclusory allegations as to "alter ego" status will not survive a motion to dismiss.  *Khan v. Douglas Machine & Tool Co., Inc.*, 661 F. Supp. 437, 450 (S.D.N.Y. 2009); *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d. 385, 426 (S.D.N.Y. 2003)("purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard."); *see also*, *Manos v. Geissler*, 377 F. Supp. 2d 422, 425-46 (S.D.N.Y. 2005).  Even taking Plaintiffs' allegation as to dominion and control as sufficient for one element of the relevant test, see, *Am. Fuel Corn. V. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997), a statement made to one party (the federal government) can not be the basis of a fraud on another party (the consumers), particularly when the second, allegedly defrauded party, never encountered the statement or representation.  The trademark application can not satisfy the second element of the test.

Toumei, but only alleges one telephone interaction with the Defendant Birnbaum.  "On or about September 2, 2010, Defendant Zuravel and Defendant Birnbaum contacted The Coca-Cola Company via telephone, falsely claiming to be affiliated with Plaintiffs.  Defendants repeatedly requested a dinner meeting with senior leadership of The Coca-Cola Company to discuss financial investments."  Paragraph 44 references the email and connects a phone number provided to Defendant Birnbaum.  Because this motion takes the factual allegations of Paragraph 43 as true, Paragraph 44 (which serves primarily to support Paragraph 43), adds no substantive factual allegations.

Exhibit 10 is an email from someone at the Coca-Cola Company.  Even taking every statement in that email as true, the only act attributable to Defendant Birnbaum is the phone call on or about September 2, during which Birnbaum "indicated [he has] substantial sums of money to invest and want to partner with the Coca-Cola Company," and "repeatedly request[ing] a dinner meeting with Sr. Leadership of the Coca-Cola Company."  (SAC Ex. 10).  The sender of the emails expresses a "strong belief" that "these individuals" – by which he refers to Defendants Toumei, Zuravel, and Birnbaum together and in general – are attempting a fraud using the Guggenheim name.  The actual actions described by the sender of that email, however, ascribe only the one phone call to Defendant Birnbaum.

Paragraph 73[6] alleges that Defendant Dabir filed a trademark application for GUGGENHEIM for a wide array of financial services.  The allegation names Dabir and Birnbaum, but that conjunctive construction is (apparently) premised on the naked alter-ego allegation of Paragraph 11, which is grossly insufficient.  Paragraphs 73 and 11

---

[6] As noted, this motion ignores, as an apparent cut-and-paste error, that part of ¶ 73 beginning "Messrs. [David B. and Vladimir Z.] Guggenheim are major . . . ." and continuing to the beginning of ¶ 74.

both refer to Exhibit B, which on its face makes no reference to Defendant Birnbaum, and in fact lists an email address connected elsewhere in the SAC to Defendant Toumei.

The allegations of Paragraph 137 state a legal conclusion, bringing Birnbaum into the RICO conspiracy as an "individual" within 18 U.S.C. §§ 1961 and 1962(c)1962(c).

Paragraph 142(f) simply repeats the allegations of ¶¶ 43 and 44, again referencing Exhibit 10.

By contrast, setting aside the forty-eight allegations that speak only to Plaintiffs themselves,[7] a full eighty-three of the allegations (including 36 of the "factual" allegations) are directed to "Defendants" generally, either without mentioning any specific defendant or, in nine instances,[8] mentioning specific defendants other than Moving Defendants.  Similarly, of the twenty-nine exhibits,  four are unrelated to the acts of Defendants,[9] and twenty-three are evidence supporting allegations as to actions by defendants <u>other than</u> the Moving Defendants.

To summarize, Plaintiffs' two hundred three allegations and twenty-nine exhibits contain allegations identifying <u>exactly</u> <u>two</u> acts specifically attributable to the Moving Defendants:  participating in a single phone call to Coca-Cola <u>offering</u> to invest money (and asking for a dinner meeting), and submitting a trademark application.

That is, while Plaintiffs make many allegations against Defendants generally, and even some allegations against defendant other than the Moving Defendants particularly, they have made only two substantive and particular allegations concerning the actions of Moving Defendants.

**LEGAL STANDARD**

---

[7] Eight allegations mention both Plaintiffs and Defendants (¶¶ 32, 99, 126, 131, 158, 169, 177, and 178); these are included in the count of allegations directed at Defendants generally.

[8] ¶¶ 47, 53, 60, 62, 67, 71, 143(f), 143(g), and 143(h).

[9] SAC Exhibits 3, 4, 5, and 6.

Under Federal Rule of Civil Procedure 12(b)(6), a complaint that does not "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the complaint's factual allegations must permit the Court "to infer more than the mere possibility of misconduct." *Id.*

In considering a motion to dismiss, the court must "accept as true all facts alleged in the complaint," and must "draw all reasonable inferences in favor of the plaintiff." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, "threadbare recitals of a cause of action, supported by mere conclusory statements," will not raise a complaint above the bar of the motion to dismiss. *Iqbal*, 129 S.Ct. at 1949. The complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Ne. Inc.*, 507 F.3d 117 (2d Cir. 2007)(citing *Twombly*, 550 U.S. 544).

When determining the sufficiency of a claim for Rule 12(b)(6) purposes, consideration is limited to (a) the factual allegations of the complaint, (b)documents attached to the complaint as an exhibit or incorporated in it by reference, (c) matters of which judicial notice may be taken, (d) documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit. *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

With regard to any claims that sound in fraud, Rule 9(b) imposes a heightened standard of pleading, requiring particularity with regard to the circumstances constituting fraud or mistake. FED. R. CIV. P. 9(b). In order to comply with Rule 9(b), "the complaint must: (1) specify the statements that the plaintiff contends were

fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273,290 (2d Cir. 2006); *see also, Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). Although Rule 9(b) provides that condition of mind may be "averred generally," the Rule still requires that facts be alleged that "give rise to a strong inference of fraudulent intent." *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir. 1995). The requisite strong inference "may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

## LEGAL ARGUMENT

### I.  THE SECOND AMENDED COMPLAINT FAILS TO PLEAD CULPABLE ACTIONS ATTRIBUTABLE TO THE MOVING DEFENDANTS.

#### A.  Merely "Lumping" Defendants Together is Inadequate Under Rule 8:

At its most basic level, Plaintiffs' SAC fails for having impermissibly and improperly "lumped" all the defendants together.

The rule is clear:  Without providing an adequate factual basis to distinguish the conduct of particular defendants, a complaint will fail to meet the minimum standard of pleading as against those defendants.  *See, Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34, 2001 WL 604902, *1 (2d Cir. 2001); *see also, Vanzandt v. OK Dep't Human Serv's.*, 276 Fed. Appx. 843 (10th Cir. 2008) ("To carry their burden, plaintiffs under the *Twombly* standard must do more than generally use the collective term 'defendants.' [The Tenth Circuit has] placed great importance on the need for a plaintiff to differentiate between the actions of each individual defendant and the actions of the group as a whole.  This is because the purposes of plausibility, notice, and gatekeeping are best served by

requiring plaintiffs to directly link an actual individual with the alleged improper conduct.")

Where a complaint simply lumps defendants together and fails to distinguish their conduct, such allegations fail to give adequate notice to the defendants as to what they did wrong, and fails to meet the pleading standards of Rule 8. *Appalachian Enters., Inc. v. ePayment Solutions Ltd.*, 2004 WL 2813121, *7 (S.D.N.Y. 2004). Without alleging facts against the defendants <u>individually</u> sufficient to sustain the claims, a complaint must be dismissed as against those defendants. *See*, *Southerland v. New York City Housing Authority*, 2010 WL 4916935 (E.D.N.Y. 2010).

### B.  "Lumping" is Even More Unacceptable for Claims Sounding in Fraud:

Where a claim sounds in fraud, such that the heightened standards of Rule 9 apply, generalized pleading that fails to attribute specific elements of the fraud to particular defendants certainly fails to satisfy the relevant pleading requirements. "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)(quotation omitted); *see also, Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 778 (7th Cir. 1994)(allegations stating that misrepresentations were made "at the direction, under the supervision, or with the knowledge and consent of all the defendants" were insufficient under the Rules); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) ("Plaintiffs have simply 'lumped together' all of the Defendants in their allegations of fraud"); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2 Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants'"); *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) ("A complaint that attributes

misrepresentations to all defendants, lumped together for pleading purposes, generally
is insufficient"); *In re Crude Oil Commodity Litigation*, 2007 WL 1946553, at *6 (S.D.N.Y. June
28, 2007) ("In situations where multiple defendants are alleged to have committed
fraud, the complaint must specifically allege the fraud perpetrated by each defendant,
and 'lumping' all defendants together fails to satisfy the particularity requirement");
*Sedona Corp. v. Ladenburg Thalmann & Co., Inc.*, 2005 WL 1902780, at *12 (S.D.N.Y. Aug. 9,
2005) ("Neither allegations of ability to control or lumped-together accusations of
 wrongdoing by undifferentiated groups of defendants, is sufficient to satisfy Rule
9(b)"); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, 1994 WL 88129, at *7 (S.D.N.Y.
Mar. 15, 1994) ("Sweeping references to the collective fraudulent actions of multiple
defendants will not satisfy the particularity requirements of Rule 9(b)"); *Ainwick v.
European Micro Holdings, Inc.*, 281 F.Supp.2d 629, 640 (S.D.N.Y. 2003) (Rule 9(b) standards
were not satisfied were complaint lumped several defendants together and "fail[ed] to
specify what each defendant said").

In the instant case, Plaintiffs have engaged in precisely the sort of generalized
pleading that fails to meet the pleading standards under the Rules.  Plaintiffs make a
full 36 of the 91 "factual" allegations that name "Defendants" generally, without
alleging any acts particular to Moving Defendants, and 21 others that allege acts
particular to individual defendants <u>other than</u> Moving Defendants:

"**Defendants** recently commenced a nationwide scheme to defraud consumers .
. . . " (SAC ¶ 31).  "**Defendants** emailed . . . soliciting a purchase contract . . . ." (SAC
¶ 34).  "**Defendants** sent an email purporting to solicit a purchase of gold . . . ." (SAC
¶ 40).  "**Defendants** falsely solicit[ed] a transaction for sale of 'Bank Guarantees' . . . ."
(SAC ¶ 53).

Plainly missing from Plaintiffs' SAC are allegations as to <u>actions</u> by the Moving Defendants that connect Defendant Birnbaum or Dabir to these allegations.  As discussed, Plaintiffs allege only two acts particular to Moving Defendants: a phone call <u>offering</u> to invest money in Coca-Cola and a trademark application.  Certainly nothing in Plaintiffs' SAC alleges fraudulent statements <u>by</u> Moving Defendants sufficient to meet the heightened bar of those claims sounding in fraud.

Plaintiff's abject failure to adequately plead the facts underlying any of their claims should be sufficient to carry the instant motion to dismiss.  Even so, an inquiry into the adequacy of the remaining actions actually pleaded as against the Moving Defendants will further demonstrate the inadequacy of Plaintiffs' SAC.

### C.  The Group Pleading Doctrine Does Not Rescue Plaintiffs' Second Amended Complaint:

In the Second Circuit, the "group pleading" doctrine, developed in the narrow context of SEC § 10(b) actions, provides that a plaintiff can circumvent the "general pleading rule that fraudulent statements must be linked directly to the party accused of the fraudulent intent."  *See*, *SEC v. Czarnik*, 2010 BL 281698 (S.D.N.Y. Nov. 29, 2010).  The "group pleading" doctrine, however, is inapposite here.  The doctrine is a limited exception that has been applied only in the context of securities fraud and only to "those individuals with direct involvement in the everyday business of the company" making the offer.  *Polar Int'l Beverage Corp. v. Reeve*, 108 F. Supp.2d 225, 237 (S.D.N.Y. 2000).

As a preliminary matter, even reading the Plaintiffs' Seventh and Eleventh claims for relief (for Federal Civil RICO and Fraud, respectively) as implicating the specialized and complex statutory scheme governing securities fraud, the doctrine is inapplicable as regards all the other claims in the SAC.  More importantly, however,

Plaintiffs have failed to allege an "entity" and connections thereto sufficient to trigger the doctrine.

"In order to invoke the group pleading doctrine against a particular defendant the complaint must allege facts indicating that the defendant was a 'corporate insider, with direct involvement in day-to-day affairs, at the entity issuing the statement.'" *In re Alstom SA*, 406 F. Supp.2d 433, 448 (S.D.N.Y. 2005) (citations omitted).  There are only two possible 'entities' discussed in the SAC to which Plaintiffs could point: Defendant Dabir or the fictitious Guggenheim Fund.

Even accepting *arguendo* the conclusory "alter ego" allegation of Plaintiffs' SAC ¶ 11, there is no allegation anywhere of any offer or fraud by any defendants in connection with Dabir.[10]  There is no allegation anywhere connecting any of the alleged frauds with representations made under the auspices of Dabir.  Thus, even if Birnbaum is a 'corporate insider' of Dabir, the group pleading doctrine does not lift Plaintiffs' SAC out of the morass of impermissible lumping.

Similarly, although the SAC contains allegations wherein the non-moving Defendants make statements under the auspices of the "Guggenheim Fund," the SAC fails to make any allegations that Birnbaum (or Dabir, for that matter) is a corporate insider or controlling entity.

Merely alleging that an individual is a substantial participant in a business or corporate entity, or that the individual was "directly and personally involved" in the alleged wrongdoing is insufficient to "unlump" the individual defendants.  *Piven v. Wolf*

---

[10] Reading the claims in the light most favorable to the Plaintiff, SAC ¶ 11 pretends to tie the trademark application to a fraud on investors.  But the allegedly fraudulent statement was not made to (or ever allegedly seen by) any investors; the statement complained of was made to the Patent and Trademark office.  Plaintiffs' SAC ¶ 11 could be imagined to allege an attempted fraud on the federal government; even reading the claim that way, however, is unavailing.  Plaintiffs's claims are exclusively directed to the harms incurred by dint of Defendant's various alleged frauds on third parties.

*Haldenstein Adler Freeman & Herz LLP*, 2010 WL 1257326, *11-12 (S.D.N.Y. 2010).  Alleging

further that "each Defendant" had actual or constructive knowledge of the wrongful

conduct, approved or directed the wrongful conduct, or benefited from the wrongful

conduct are "generalized allegations [] not sufficient to state a plausible claim against

these defendants in their individual capacity.  *Piven*, at *12.

## II.  THE QUESTION OF BIRNBAUM'S SURNAME

Plaintiffs' SAC sets out the four trademark registrations that are the bedrock of

many of the claims in the SAC.  (SAC ¶ 24, Ex. 4).  What is important to note about

Plaintiffs' trademarks, however, is that the Plaintiffs themselves have intentionally and

explicitly disconnected the GUGGENHEIM mark from the GUGGENHEIM surname.

The trademark registrations on which Plaintiffs depend are intrinsically defined

by the claims and arguments made in the course of their prosecution history; it is

proper for the Court to consider that history in deciding a motion to dismiss.  *See*,

*Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996)(in patent context, "the

prosecution history is an important piece intrinsic evidence" in understanding the

precise scope of a patent).  The prosecution history of the trademarks in question

reflects how the applicant and the Patent and Trademark Office ("PTO") understand the

meaning of the trademark at the time of the application and grant.  *See*, *Id.*; *Philips v.

AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005), *cert. denied*, 126 S. Ct. 1332 (2006).

Examination of the oldest claimed GUGGENHEIM mark will be sufficient to make

the issue clear.  In July 2006, Plaintiffs' successfully registered the mark GUGGENHEIM

(Reg. No. 3121127) in three classes, including in International Class 36 for financial

consulting, claiming a first use in commerce of the term dating back to 1951.[11] (SAC Ex. 4). The application was filed in September 2002, and was initially rejected by the PTO in March of 2003, in part because "the mark is primarily merely a surname." (Def. Ex. A).[12]

Plaintiffs responded to the First Office Action in September 2003, with compelling arguments to the effect that the GUGGENHEIM term was *not* primarily a surname. (Def. Ex. B). The PTO issued a Final Office Action reiterating the point that GUGGENHEIM was a surname, (Def. Ex. C), but Plaintiffs persisted, submitting a Notice of Appeal wherein "Applicant maintain[ed] its argument that the mark GUGGENHEIM is not recognized by the public as primarily merely a surname." (Def. Ex. D, p. 5). This last was apparently sufficiently persuasive and the mark proceeded to registration.

In light of these arguments and submissions by Plaintiffs (or their "predecessors in interest"), Plaintiffs can not now claim that their GUGGENHEIM mark is, in fact, a surname. They must acknowledge their own claims before the PTO that GUGGENHEIM is *not* primarily a surname.

As such, when Plaintiffs assert that Defendant Birnbaum is "not connected" to Plaintiffs and is not entitled to use Plaintiffs' GUGGENHEIM marks, Plaintiffs <u>can not</u> be making an assertion as to Defendant Birnbaum's relationship to the Guggenheim family name. Plaintiffs have explicitly surrendered their role (if it was ever theirs) of the guardians of the family name; they can only assert rights connected to the abstract GUGGENHEIM mark.

Further, Plaintiffs themselves have asserted that Defendant Birnbaum is "also known as" David B. Guggenheim. Since that use is a surname use, and not a trademark

---

[11] The application was, incongruously, originally filed as an intent-to-use application, with the statement of use first filed in 2005..

[12] A true and correct copy of the GUGGENHEIM First Office Action is attached hereto as Def. Ex. A; the GUGGENHEIM Response to First Office Action as Def. Ex. B; the GUGGENHEIM Final Office Action as Def. Ex. C; the GUGGENHEIM Notice of Appeal as Def. Ex. D.

use, Plaintiffs by their own SAC have established Mr. Birnbaum as at least possibly connected to the Guggenheim surname, and have made no claim to counter that possibility.

### III. EACH AND EVERY ONE OF PLAINTIFFS' CLAIMS FOR RELIEF ARE INSUFFICIENT AS A MATTER OF LAW:

As established, Plaintiffs' claims of actions attributable to Defendants amount to exactly two acts:  (1) calling Coca-Cola (using the <u>surname</u> Guggenheim) and offering to invest money in Coca-Cola; (2) applying for a GUGGENHEIM trademark.  Further, Plaintiffs' SAC is a model of impermissible lumping.  In light of those facts, analysis of the inadequacy of each claim becomes a relatively academic matter.

### A.  Trademark Infringement:

Plaintiffs' first claim for relief is completely inadequate under Rule 8; the claim directs allegations against Defendants generally, but points to no specific act by the Moving Defendants sufficient to give adequate notice to the defendants as to what they did wrong.  Further, the allegations against Defendant Birnbaum point to his using the term GUGGENHEIM as a personal name, and <u>not</u> as a trademark.  Such use is explicitly permitted by statute.  It is a defense to infringement of even an incontestable mark "[t]hat the use of the name . . . is a use, otherwise than as a mark, or the party's individual name in his own business."  15 U.S.C.A. § 1115(b)(4).  It is similarly a defense where the mark is not yet incontestable under § 1115(a), which states that a registration "shall not preclude another person from proving any defense . . . including those set forth in [§ 1115(b)]"

Finally, with regard to the GUGGENHEIM application, the law is clear that a claim for trademark infringement requires a use of the allegedly infringing mark in commerce.  "Neither the application for a trademark registration, nor the existence of

a pending trademark application, constitutes the use of a mark in commerce required to support a claim of trademark infringement . . . ."  *Omega S.A. v. Omega Engineering, Inc.*, 396 F. Supp. 2d 166, ___ (D. Conn. 2005); *see also*, *Macia v. Microsoft Corp.*, 152 F. Supp. 2d 535, 539 (D. Vermont 2001)(dismissing a complaint that only alleged the filing of a trademark application.)  "Unless and until [Defendant] uses the mark in the course of trade, to identify actual goods for sale or transport, it cannot be subject to suit for trademark infringement."  *Id.*  This claim must fail as against Moving Defendants.

**B.  Trafficking in Counterfeit Marks:**

The analysis here is the same.  The pleadings fail to allege acts by Moving Defendants particularly.  Also, there is no sufficient allegation of use in commerce as required by the statute.  This claim must fail as against Moving Defendants.

**C.  Trademark Dilution:**

Again, Plaintiffs' SAC fails on "lumping" grounds, and fails to allege use in commerce.  This claim must fail as against Moving Defendants.

**D.  Cyberpiracy:**

None of the allegations in the Plaintiffs' SAC that are directed to Moving Defendants speak to the cyberpiracy claim at all.  This claim must fail as against Moving Defendants.

**E.  False Advertising:**

Plaintiff's "lumping" and the failure to allege use in commerce require that this claim be dismissed as against Moving Defendants as well. .

**F.  Unfair Competition:**

Plaintiff's "lumping" and the failure to allege use in commerce require that this claim be dismissed as against Moving Defendants as well.

## G.  Federal Civil RICO Violations:

The analysis with respect to the RICO violations is slightly more complex.  As a first matter, of course, the Plaintiffs have impermissibly "lumped" the Defendants together throughout the SAC, and the allegations relevant to the RICO claim are no different.

For their RICO claim to withstand a motion to dismiss, Plaintiffs must specifically allege facts showing: (1) the existence of an "enterprise" affecting interstate commerce; (2) defendants (as "persons" defined in 18 U.S.C. § 1961(3)) are employed by or associated with the enterprise; (3) defendants participated, either directly or indirectly, in the conduct of the enterprise's affairs; (4) defendants so participated through a "pattern" of racketeering activity that must include at least two racketeering acts; and (5) an injury to Plaintiffs' business or property resulted by reason of the violation of §1962(c). *See*, *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *Azrielli v. Cohen Law Offices*, 21 F.3d 512, 520 (2d Cir. 1994).

Plaintiffs must establish the requirements of section 1962(c) as to each individual defendant. *US v.Persico*, 832 F.2d 705, 714 (2d Cir. 1987), *cert. denied*, 486 U.S. 1022 (1988) ("The focus of section 1962(c) is on the individual patterns of racketeering engaged in by a defendant, rather than the collective activities of the members of the enterprise, which are prescribed by Section 1962(d)"). When Plaintiffs fail to adequately plead any of these elements, then the claims must be dismissed. *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 42 (2d Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984).

In the instant case, the Plaintiffs' SAC simply does not sufficiently allege these elements as to Moving Defendants.  The only RICO allegation as to Defendant Birnbaum is the <u>single</u> phone call attested to in Plaintiffs' SAC Ex. 10.  There is no adequate allegation of pattern, or enterprise.

Further, RICO claims in mail fraud and wire fraud sound (tautologically) in fraud, thus triggering the higher pleading standard of Rule 9.  But Plaintiffs' SAC fails to plead with any level of specificity any multiple acts by Moving Defendants.  If Plaintiffs fail to meet Rule 9(b) requirements, then such a defect cannot be overcome when a RICO claim is asserted. *Morin v. Trupin*, 711 F.Supp. 97, 105 (S.D.N.Y. 1989) ("where the fraudulent scheme is premised upon an inadequate pleading of common law fraud, the allegations of mail and wire fraud must fail.").

### H.  New York Trademark Infringement:

The analysis here again turns first on the failure to plead any actions specific to Moving Defendants sufficient to support a claim, and second to a failure to "use" the GUGGENHEIM mark as that term is meant in trademark law.  Failing these requirements, the claim must fail.

Also, without the federal claims to support jurisdiction, the Court should decline jurisdiction as to the State law claims.

### I.  New York Trademark Dilution:

This claim falls under the same analysis as the New York Infringement claim.

### J.  New York Deceptive Practices:

This claim falls under the same analysis as the New York Infringement claim.

### K.  Fraud:

As discussed above, the pleading requirements for Fraud in any event are more stringent than the standard notice pleading requirements.  To the extent that Plaintiffs' SAC makes allegations that are simply insufficient under the Rule 8 requirements, those allegations are grossly insufficient under the heightened standard applicable to fraud claims.  Plaintiffs have not alleged acts specific to Moving Defendants with any sufficient particularity so as to support a claim of fraud.  Plaintiffs simply "lump"

Moving Defendants in with the other defendants, and attempt to attribute the acts of others to the Moving Defendants.

Plaintiffs' claim of fraud must also fail.


Simply put, Plaintiffs have made allegations against Defendants generally, but have not sufficiently plead against Moving Defendants particularly.  Plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

DATED:   February 14, 2011                    Respectfully Submitted,


   /s/Ben D. Manevitz/     

Manevitz Law Firm LLC
Ben D. Manevitz
128 Boulevard
Suite 13
Passaic, NJ  07055-4769
Tel:  973/594-6529
Fax: 973/689-9529
Email: ben@manevitzlaw.com

Attorney for Defendant David Birnbaum