UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
GUGGENHEIM CAPITAL, LLC and.            :
GUGGENHEIM PARTNERS, LLC,               :         Civil Action No.:   10 CV 8830 (PGG)
                                        :
            Plaintiffs,                 :
                                        :
        v.                              :
                                        :
CATARINA PIETRA TOUMEI, A/K/A LADY      :
CATARINA PIETRA TOUMEI A/K/A CATARINA   :
FREDERICK; VLADIMIR ZURAVEL A/K/A       :
VLADIMIR GUGGENHEIM A/K/A VLADIMIR      :
Z. GUGGENHEIM A/K/A  VLADIMIR Z.        :
GUGGENHEIM BANK; DAVID BIRNBAUM         :
A/K/A DAVID B. GUGGENHEIM; ELI PICHEL;  :
THEODOR PARDO; DABIR, INT'L;            :
AND JOHN DOES 1-10,                     :
                                        :
            Defendants.                 :
-------------------------------------------------------- X

**DEFENDANTS BIRNBAUM AND DABIR, INT'L MEMORANDUM OF LAW
IN REPLY TO
PLAINTIFFS' OPPOSITION TO
MOTION BY DEFENDANTS BIRNBAUM AND DABIR, INT'L TO DISMISS**

Manevitz Law Firm LLC
Ben D. Manevitz
128 Boulevard
Suite 13
Passaic, NJ  07055-4769
Tel:  973/594-6529
Fax: 973/689-9529
Email: ben@manevitzlaw.com

Attorneys for Defendants David Birnbaum
and Dabir, Int'l.

# **TABLE OF CONTENTS**

*TABLE OF CONTENTS* _____ *i*

*TABLE OF AUTHORITIES* _____ *ii*

*INTRODUCTION AND SUMMARY OF REPLY* _____ *1*

*ARGUMENT* _____ *2*

    I.    THE COURT SHOULD DISREGARD PLAINTIFFS' INAPPROPRIATE SUBMISSIONS OF MATERIAL OUTSIDE THE COMPLAINT. _____ 2
        A.    Plaintiffs Can Not Cure Their Defective Complaint With Extrinsic, Post-Complaint Material _ 3
        B.    Conversion of the Instant Motion under Rule 12(d) is Inappropriate _____ 5

    II.    PLAINTIFFS CAN NOT RELY ON THEIR UNSUPPORTED AND CONCLUSORY "JOINT AND SEVERAL" ALLEGATION. _____ 6
        A.    Plaintiffs' "All Defendants/All Conduct" Assertion Can Not Rescue the Complaint _____ 6
        B.    Plaintiffs' SAC ¶ 15 is Conclusory and Insufficient As Against Moving Defendants _____ 7
        C.    Plaintiffs Have Conceded That the SAC Does Not Allege Moving Defendants' Involvement in the Bad Acts of Non-Moving Defendants _____ 8

    III.    PLAINTIFFS' ALLEGATIONS, LIMITED TO THOSE PARTICULAR TO MOVING DEFENDANTS, FAIL ACROSS THE BOARD TO STATE CLAIMS ON WHICH RELIEF CAN BE GRANTED. _____ 9

# TABLE OF AUTHORITIES

**CASES**

*Adams v. Crystal City Marriott Hotel*, No. 02 Civ. 10258, 2004 WL 744489 (S.D.N.Y. Apr. 6, 2004) ...................... 3
*Ahart v. Willingham*, No. 3:05 Civ. 1016, 2007 WL 842006 (D.Conn. Mar. 15, 2007) ......................................... 3
*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 556 U.S. ___ (2009) ................................................................ 7
*Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 2001 WL 604902, (2d Cir. 2001) ............................................. 7
*Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007) ................................................................... 7
*Brown v. Austin*, No. 05 Civ. 9443, 2007 WL 2907313 (S.D.N.Y. Oct. 4, 2007) .................................................. 5
*Buti v. Perosa, S.R.L.*, 139 F.3d 98 (2d Cir. 1998), *cert. denied*, 525 U.S. 826 (1998) ............................................ 10
*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ................................................................ 4
*Cleveland v. Caplaw Enterprises*, 448 F.3d 518 (2d Cir. 2006) ................................................................ 2
*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991) ......................................................... 4
*DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 54 (S.D.N.Y. 2010) ................................................................ 5
*Fink v. Time Warner Cable*, No. 08 Civ. 9628, 2009 BL 157747 (S.D.N.Y. July 23, 2009) ...................................... 5
*Global Network Communications, Inc. v. City of New York*, 458 F.3d 150 (2d Cir. 2006) ........................................ 8
*Hernandez v. Coffey*, 582 F.3d 303, (2d Cir. 2009) ................................................................... 5
*In re G & A Books, Inc.*, 770 F.2d 288 (2d Cir. 1985) ................................................................ 5
*Int'l Audiotext Network, Inc. v. Am. Tel & Tel. Co.*, 62 F.3d 69 (2d Cir. 1995) ....................................... 4
*Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991) ................................................................ 4, 8
*Mason v. Pulliam*, 402 F. Supp. 978 (N.D. Ga. 1975), *aff'd*, 557 F.2d 426 (5th Cir. 1977) ................................... 9
*NLRB v. Gotham Shoe Mfg. Co.*, 359 F.2d 684 (2d Cir. 1966) ................................................................ 9
*Roth ex rel. Metal Mgmt., Inc. v. Jennings*, 489 F.3d 499 (2d Cir. 2007) ................................................... 4
*S B ICE, LLC v. MGN, LLC*, No. 08 Civ. 3164, 2008 WL 4682152 (S.D.N.Y. Oct. 20, 2008) ...................................... 3
*Spence v. Senkowski*, 1996 U.S. Dist. LEXIS 21171 (N.D.N.Y. July 30, 1996) ........................................... 4
*Twombly v. Bell Atlantic Corp.*, 425 F.3d 99 (2d Cir. 2005), *rev'd*, 550 U.S. 544 (2007) ......................................... 5
*Vanzandt v. OK Dep't Human Serv's.*, 276 Fed. Appx. 843 (10th Cir. 2008) ........................................... 7
*Wright v. Ernst & Young LLP*, 152 F.3d 169 (2d Cir. 1998) ................................................................ 3

**INTRODUCTION AND SUMMARY OF REPLY**

Plaintiffs' Opposition to the instant motion makes the same fundamental error that undermines Plaintiffs' Second Amended Complaint: it directs arguments and assertions against "Defendants" generally, impermissibly lumping the Moving Defendants Birnbaum and Dabir with Toumei, Zuravel, Pardo, and Pichel[1] in the vain hope that some combination of hand-wringing and hand-waving will blind the Court to the Supreme Court's direction in the *Iqbal* and *Twombly* decisions.

Plaintiffs correctly surmise that the gravamen of the Moving Defendants' motion is that the SAC clearly and completely fails to allege actions by Birnbaum and Dabir sufficient to maintain any of the causes of action brought.[2] (Plaintiffs' Opposition p. 3). Plaintiffs effectively concede that point; instead of demonstrating the sufficiency of the allegations in their complaint, the bulk of Plaintiffs' Opposition discusses discovery and other matters that all post-date the Second Amended Complaint, none of which can rescue Plaintiffs' inadequate pleading.

To the extent that Plaintiffs do look to the allegations actually made in the SAC to provide some factual basis for their claims, they are forced to 'recast' those claims in terms of "Defendants, including Defendant Birnbaum…"(Plaintiffs' Opposition, p. 15-17). Even if the SAC is read to include that fig-leaf, it is to no avail. The actions actually discussed in the various allegations are all clearly attributed – in the allegations and exhibits themselves – to

---

[1] The John Doe defendants are herein elided. It does not avail Plaintiffs that they define "Defendants" as only Moving Defendants in their Opposition (Plaintiffs' Opposition, p. 1), because the SAC allegations they cite to support their claims of specificity are directed to "Defendants" generally, as set out thoroughly in Moving Defendants' original motion.

[2] Moving Defendants do not here express any opinion as to the sufficiency of the SAC with respect to the non-moving defendants.

other defendants.[3]  The only actions attributed to Moving Defendants throughout the SAC are as discussed in Moving Defendant's initial motion:  ONE phone call to Coca-Cola, wherein Birnbaum used the personal name Guggenheim and offered to invest money in Coca-Cola, and the trademark application by Dabir.[4]

With respect to all of Plaintiffs' claims in the SAC,[5] Plaintiffs have acknowledged, explicitly before the Court, that the connection between Moving Defendants and the various wrongdoings attributed to the other defendants is not adequately set forth in the Plaintiff's SAC.  With respect to all of the claims sounding in federal trademark Plaintiffs assert that they have adequately alleged all elements of the claims, but conveniently elide the constitutional requirement of a use-in-commerce.

## ARGUMENT

I. **THE COURT SHOULD DISREGARD PLAINTIFFS' INAPPROPRIATE SUBMISSIONS OF MATERIAL OUTSIDE THE COMPLAINT.**

The Moving Defendants have made a motion limited to the Second Amended Complaint.  In this atypical case, Plaintiffs are attempting to submit extrinsic material in the opposition.  *See*, *Adams v. Crystal City Marriott Hotel*, No. 02 Civ. 10258, 2004 WL 744489, *3

---

[3] Any facts recited herein are so recited under the principle that on a 12(b)(6) motion to dismiss the factual allegations of Plaintiffs' SAC are taken as true and construed in the light most favorable to Plaintiffs, s*ee*, *Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 521 (2d Cir. 2006), and should not be taken as admission or concession of same.

[4] Even on the allegations and exhibits of Plaintiffs' SAC, any connection between the trademark application to Dabir is a tenuous one at best.  Plaintiffs' contention that Defendant Birnbaum "admitted that [Dabir] . . . filed a trademark application" (Plaintiffs' Opposition p. 7)  is simply an outright lie.  Plaintiffs quote the Court (Ex. 8 to Dkt. No. 63, 9:16-18) but ignore the Court's very next sentence, where the Court recognizes no such admission by Defendant Birnbaum or his former counsel: "You have indicated, Mr. Cohen, that this application was submitted by Ms. Toumei without Birnbaum's approval or knowledge."  (Ex. 8 to Dkt. No. 63, 9:18-20).  Defendants are not here arguing the question of whether Dabir did or did not file the application, or of whether Ms. Toumei was or was not acting ultra vires; rather Moving Defendants raise objection to Plaintiffs' barefaced misrepresentation to the Court.

[5] Plaintiffs' concern as to the effect of the preliminary injunction in the instant action is a straw man, and inapposite here.  First, because the preliminary injunction issued as against all Defendants and the instant motion seeks dismissal with respect only to Moving Defendants, the instant motion does not seek a dismissal *en toto*.  Second, although a preliminary injunction passes on a likelihood of success on the merits of the claims raised, it is well within the discretion of a court to recognize on sober reflection and in light of Supreme Court precedent that a dismissal under 12(b)(6) is nonetheless in order; certainly there is no procedural obligation for a defendant to raise or waive all possible 12(b) defenses at a hearing on preliminary injunction.

(S.D.N.Y. Apr. 6, 2004)(in a typical case, extraneous material is submitted by the moving defendant).

In opposition to the instant motion, Plaintiffs make much of Defendant Birnbaum's responses to interrogatories, responses to document requests, testimony at deposition, and the Fifth Amendment negative inference as to some parts of Defendant Birnbaum's deposition. (Plaintiffs Opposition pp. 5-7, 21-23). Plaintiffs further submit a declaration concerning "recent business dealings" of Moving Defendants, including two exhibits allegedly reflecting such dealings, consisting of emails all dated in February 2011. All of that material clearly post-dates the Second Amended Complaint, such that Plaintiffs could not have relied on it or otherwise incorporated it into the SAC. As such, the Court must disregard that material and the assertions dependent on that material.

### A.  Plaintiffs Can Not Cure Their Defective Complaint With Extrinsic, Post-Complaint Material:

Courts in the Second Circuit have made it clear that a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss. *See*, *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (holding that plaintiff could not amend her complaint through a legal memorandum filed in opposition to a motion to dismiss); *S B ICE, LLC v. MGN, LLC*, No. 08 Civ. 3164, 2008 WL 4682152, at *1 n. 1 (S.D.N.Y. Oct. 20, 2008) (considering only the complaint, exhibits attached to the complaint, and documents integral to the complaint where plaintiff attached extrinsic evidence to its opposition to defendants' motion to dismiss without attempting to amend its complaint); *Ahart v. Willingham*, No. 3:05 Civ. 1016, 2007 WL 842006, at *5 (D.Conn. Mar. 15, 2007) ("A complaint . . . cannot be amended by a memorandum in opposition to a motion to dismiss.").

The complaint, for these purposes, is seen to include not only the four corners of that document but any documents that are (1) attached to the complaint, (2) incorporated into the

complaint by reference, or (3) integral to the complaint. *See*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *Int'l Audiotext Network, Inc. v. Am. Tel & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995). A document is "integral" to the complaint where plaintiff has actual notice of the information and relied on the documents in framing the complaint. *Chambers*, 282 F.3d at 153.

It is self-evident that none of Plaintiffs' extraneous material was attached to the SAC. *See*, *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)(any written instrument attached as an exhibit to a complaint is deemed part of the pleadings). It is just as self-evident that Plaintiffs' various extrinsic material could not be either incorporated by reference or integral to the complaint because all of the extrinsic material that Plaintiffs cite <u>did not exist</u> when the SAC was filed.[6]

Further, logic and justice require that the material be excluded. On Plaintiffs' apparent theory, the essence of notice pleading would be gutted. A plaintiff could bring completely inadequate claims before a court, and so long as the plaintiff cast those claims in terms frightening and dreadful enough to allow discovery, could then go "fishing" for the facts it should have otherwise included in the pleading. It was, in part, exactly that scenario that motivated the Supreme Court in reversing the Second Circuit in *Twombly*. The Second Circuit acknowledged, but found "ultimately unconvincing" the concern that a too-low bar for notice pleading would "condemn defendants to potentially limitless 'fishing expeditions.' – discovery

---

[6] Plaintiffs' claim that the Court can take "judicial notice" of the discovery responses (Plaintiff's Opposition p. 6 fn. 5, citing to *Spence v. Senkowski*, 1996 U.S. Dist. LEXIS 21171 (N.D.N.Y. July 30, 1996) is inapposite. As a first matter, even if the Court does take notice of the discovery responses, there is simply no logic in claiming that the discovery responses could rehabilitate the failures of Plaintiffs' SAC, coming as they do later in time than the SAC. Moreover, *Sankowski* derives its authority from *Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991), which makes clear that the Court can take Judicial Notice of "adjudicative facts" under Fed. R. Evid. 201, which is to say facts "generally known within the territorial jurisdiction of the court" or "capable of accurate and ready determination;" such does not generally include deposition testimony or discovery responses (as those matters are governed by the rest of the Federal Rules of Evidence). Also, *Kramer* discusses judicial notice of various documents not for the truth of the assertions therein but for the fact of the assertions themselves, a distinction that would be rendered nonsensical by Plaintiffs' approach. *See*, *Roth ex rel. Metal Mgmt., Inc. v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)(judicial notice of public records for the statements contained, but not the truth of the matters asserted.)

pursued just 'in case anything turns up.'" *Twombly v. Bell Atlantic Corp.*, 425 F.3d 99, __ (2d Cir. 2005), *rev'd*, 550 U.S. 544 (2007). In reversing the Second Circuit, the Supreme Court implicitly found that concern convincing, at least to some extent.

### B. Conversion of the Instant Motion under Rule 12(d) is Inappropriate:

If the Court were to consider Plaintiffs' extrinsic matter, Rule 12(d) would require a conversion of the instant motion to one for summary judgment under Rule 56, which would require that Moving Defendants be given an opportunity to supplement the record. *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009); *see also*, *In re G & A Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985); *Fink v. Time Warner Cable*, No. 08 Civ. 9628, 2009 BL 157747 (S.D.N.Y. July 23, 2009)(on a 12(d) conversion, the parties should be given "a reasonable opportunity to present all pertinent material.").

Moving Defendants, having not yet taken any discovery or even submitted an Answer, have certainly not asked the Court to treat the motion as one for summary judgment. Neither have Plaintiffs done so, doubtless because summary judgment would be clearly inappropriate at this stage of the proceedings. *Cf.*, *Brown v. Austin*, No. 05 Civ. 9443, 2007 WL 2907313, *1 (S.D.N.Y. Oct. 4, 2007)(declining to convert motion to dismiss into summary judgment motion and refusing to consider extrinsic evidence submitted by moving defendants); *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 54, 59 (S.D.N.Y. 2010)(refusing to consider extrinsic material submitted by plaintiffs in opposition to a motion to dismiss and declining to convert the motion into one for summary judgment because discovery had not yet commenced.)

The Court should not convert the instant motion to one for summary judgment, and should instead simply disregard Plaintiffs' extrinsic material.

## II. PLAINTIFFS CAN NOT RELY ON THEIR UNSUPPORTED AND CONCLUSORY "JOINT AND SEVERAL" ALLEGATION.

### A. Plaintiffs' "All Defendants/All Conduct" Assertion Can Not Rescue the Complaint:

The very heart of Plaintiffs' Opposition to the instant motion is the claim that "[w]ith respect to each one of Plaintiffs' claims, Plaintiffs allege that **all** Defendants were involved in **all** of the tortuous conduct (Defendants Toumei, Birnbaum, Zuravel, Pichel, Pardo, and Dabir International Ltd.)." (Plaintiffs' Opposition p. 17, p. 3 fn. 2).

As a first matter, Plaintiffs contention is patently ridiculous, and demonstrably false. For instance, SAC ¶ 34 alleges that "Defendants emailed an unknown number of persons, etc." and references Exhibit 7 to the SAC. The Exhibit, however, is clearly only from Defendant Toumei, that she is making false representations therein is taken as true for these purposes. SAC ¶ 36 again references "Defendants" generally, and references Exhibit 8 to the SAC. Exhibit 8 again is clearly from one of the non-moving defendants in this case. Plaintiffs SAC ¶ 40 makes allegations (again) against "Defendants" generally, and references Exhibit 9 to the SAC. Exhibit 9 to the SAC doesn't even <u>mention</u> Moving Defendants <u>anywhere</u>, and only references Defendants Toumei and Zuravel.

Even SAC ¶ 43, which <u>does</u> make an allegation directed against Defendant Birnbaum individually, first makes allegations directed against non-moving defendants: "From approximately August 15, 2000 through September 15, 2010, <u>Defendant Toumei</u> made in excess of 20 telephone calls . . . ." Clearly Plaintiffs' claim that every allegation is directed to every defendant is neither reasonable nor true.

Even accepting Plaintiffs' assertion that the term "Defendants" in the SAC should be read to mean "all Defendants," Plaintiffs' SAC would still fail under the Rules. Plaintiffs' proposition is a distinction without a difference; reading "Defendants" to mean "All Defendants" completely fails to provide Moving Defendants with an "adequate factual basis" to

distinguish their particular conduct, as required under the Rules. *See*, *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34, 2001 WL 604902, *1 (2d Cir. 2001). It is difficult if not impossible to read the Supreme Court's decision in *Twombly* to reject allegations against "Defendants" generally, but still countenance the same general allegations so long as they include the words "each and every," or some variation thereof. *See*, *Vanzandt v. OK Dep't Human Serv's.*, 276 Fed. Appx. 843 (10th Cir. 2008) ("To carry their burden, plaintiffs under the *Twombly* standard must do more than generally use the collective term 'defendants.'").

### B. Plaintiffs' SAC ¶ 15 is Conclusory and Insufficient As Against Moving Defendants:

In order to connect Moving Defendants to the various generalized allegations, Plaintiffs must rely on SAC ¶ 15:[7]

> Defendant Toumei, Defendant Zuravel, Defendant Birnbaum, Defendant Pichel, Defendant Pardo, [Defendant Dabir][8] and the Doe Defendants (collectively, "Defendants"), through their officers, directors, agents, servants, employees, attorneys, partners, joint venturers or other persons affiliated or acting in concert with them, have engaged in the acts described herein jointly or severally and with other individuals and entities not yet known to Plaintiffs.

It is difficult to imagine a more unadorned, threadbare recital of the legal conclusion of conspiracy or joint action, not entitled to the assumption of truth applicable to factual pleadings in motions to dismiss. *See*, *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 551, 555 (2007).

Instructive in this regard is the First Amended Complaint that was ultimately rejected as insufficient by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 556 U.S. ___ (2009).[9]

---

[7] Plaintiffs make their reliance on ¶ 15 clear. In asserting that the SAC "comprehensively details Defendants' scheme," the Plaintiffs refer explicitly to ¶ 15, to correct the omission of Dabir. Apparently, in Plaintiffs' own estimation, if the omission in ¶ 15 were not corrected Dabir would have been excluded from the "joint and several" nature of the allegations.

[8] Moving Defendants are not concerned with the accidental omission of Defendant Dabir in Plaintiffs' SAC ¶ 15; no Third Amended Complaint is necessary or warranted.

[9] The *Iqbal* First Amended Complaint is attached hereto as Exhibit A, and is available on PACER for the E.D.N.Y., Case No. 1:04-cv-01809, Docket No. 35. Although there was a Second Amended Complaint in that case, the motions

Where Plaintiffs in the case at bar chose the more expedient lumping technique of naming "Defendants" generally – or perhaps reading that to mean "All Defendants," the Iqbal plaintiffs actually listed the defendants individually. (E.g., Iqbal FAC, ¶¶ 96, 97, 195, 205). In that complaint as in Plaintiffs' SAC in this case, the complaint relied on the slimmest of factual allegations that amounted to little more than legally conclusive statements. (E.g., Iqbal FAC ¶ 69, alleging "[t]he policy . . . was approved by Defendants ASHCROFT and MUELLER in discussions in the weeks after September 11, 2001;" ¶ 74, alleging "[d]efendants ASHCROFT, MUELLER, and ROLINCE never imposed deadlines for the 'clearance' process . . . ."). In fact, ¶ 15 of Plaintiffs' SAC finds a close analogue in ¶¶ 96-97 of the Iqbal FAC:

> 96. Defendants ASHCROFT, MUELLER, SAWYER, RARDIN, COOKSEY, HASTY, ZENK, THOMAS, SHERMAN, LOPRESTI, and SHACKS each knew of, condoned, and willfully and maliciously agreed to [the policy complained of].
> 97. Defendants ASHCROFT, MUELLER, SAWYER, RARDIN, COOKSEY, HASTY, ZENK, THOMAS, SHERMAN, and LOPRESTI willfully and maliciously designed a policy whereby individuals such as Plaintiffs were [harmed].

The Supreme Court rejected these allegations as inadequate, and that complaint was certainly more particularized than is Plaintiffs' SAC with respect to Moving Defendants in the case at bar.

### C.  Plaintiffs Have Conceded That the SAC Does Not Allege Moving Defendants' Involvement in the Bad Acts of Non-Moving Defendants:

At the January 13 conference,[10] Plaintiffs' counsel offered to the Court "plaintiff's view of the world . . . regarding Mr. Birnbaum's role," encompassing Defendant Birnbaum's alleged

---

to dismiss and the appeals therefrom proceeded based on the First Amended Complaint. Moving Defendants note that it is exactly this sort of document of which the Court may take judicial notice in a 12(b)(6) proceeding, not for the truth of the assertions in the Iqbal FAC, but merely for the fact of those allegations and assertions. See, Global Network Communications, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006); Kramer, 937 F.2d at 774.

[10] Exhibit 8 to Dkt. No. 63. There is no logical dilemma posed by citing that conference in this context, while encouraging the Court to disregard Plaintiffs' citation of same above. Plaintiffs seek to "travel in time," curing (if possible) a defective SAC filed in late 2010 using statements made in early 2011; Moving Defendants are here citing the conference only to demonstrate Plaintiffs' own understanding (in 2011) of the SAC.

"gatekeeper" function and his status as the hub of the conspiracy.  (Ex 8 to Dkt. No. 63, 45:19-22, 46:11-16).

In response to a direct question from the Court, Plaintiffs' counsel stated explicitly that Plaintiffs' "view of the world" with regard to Defendant Birnbaum's involvement in the alleged conspiracy was, in fact, not reflected in Plaintiffs' SAC:

> THE COURT: Does it go beyond what the allegations are in the complaint, which I'm familiar with?
> MR. SHANAHAN: It goes a little bit beyond.[11]
> Ex. 8 to Dkt. No. 63, 45:23-25.

That is to say, the allegations in Plaintiffs' SAC alone are not enough to adequately convey Plaintiffs' belief as to Birnbaum's connection to the acts attributed to the non-moving defendants; Plaintiffs' counsel was obligated to make additional allegations (unsupported by any fact or exhibit)[12] in order to tie Birnbaum to the allegations particular to the other defendants.

### III. PLAINTIFFS' ALLEGATIONS, LIMITED TO THOSE PARTICULAR TO MOVING DEFENDANTS, FAIL ACROSS THE BOARD TO STATE CLAIMS ON WHICH RELIEF CAN BE GRANTED.

Once the dross of Plaintiffs' generalized, improperly "lumped" allegations has been skimmed, all that is left are the two acts alleged that are attributable to Moving Defendants. That those two acts are insufficient to support any of Plaintiffs' claims should be fairly obvious to the Court and the issue has been addressed elsewhere.

---

[11] Such language beckons the analogy of a woman being 'a little bit' pregnant, which is "neither good logic, nor good sense, nor good law." *NLRB v. Gotham Shoe Mfg. Co.*, 359 F.2d 684, 698 (2d Cir. 1966)(Timbers, J. concurring in part and dissenting in part); *see also*, *Mason v. Pulliam*, 402 F. Supp. 978, 982 (N.D. Ga. 1975), *aff'd*, 557 F.2d 426 (5th Cir. 1977)("Though perhaps not a judicially couched expression, it has, nevertheless, been sagely observed that there is no such thing as being 'just a little bit pregnant.'")

[12] Plaintiffs' counsel stated first that "[i]t's clear that he called the Coca-Cola Company on several occasions," which is an assertion entirely unsupported by the relevant exhibit to the SAC, which explicitly discusses one (and only one) phone call with Mr. Birnbaum.  Plaintiffs' counsel then asserted that it "appears" Mr. Birnbaum is "the closer."  But even then, the actual facts Plaintiffs' counsel pointed to were all particular to Defendant Toumei.  Ex. 8 to Dkt. No. 63, 46:1-16

It must be particularly emphasized, however, that neither of the acts alleged attributable to Moving Defendants – use of Guggenheim as a surname[13] and applying for a trademark – are "uses in commerce" of the GUGGENHEIM term . "Use in commerce" is a <u>jurisdictional predicate</u> to any law passed by Congress under the Commerce Clause.  *See*, *Buti v. Perosa, S.R.L.*, 139 F.3d 98, 102 (2d Cir. 1998), *cert. denied*, 525 U.S. 826 (1998).  Without a "use in commerce," any claims based on the Lanham Act are absolute non-starters.  *See*, *Id.*

DATED:   February 28, 2011                         Respectfully Submitted,

           /s/Ben D. Manevitz/

Manevitz Law Firm LLC
Ben D. Manevitz
128 Boulevard,  Suite 13
Passaic, NJ  07055-4769
Tel:  973/594-6529
Fax: 973/689-9529
Email: ben@manevitzlaw.com
Attorney for Defendants David Birnbaum
and Dabir, Int'l.

---

[13] Plaintiffs' counsel claims to find the argument as to Birnbaum's surname "baffling."  Plaintiffs have, in other contexts, expressed this faux-bafflement before, and Moving Defendant's counsel finds it dubious at best.  For Plaintiffs' counsel's sake, however, the argument is restated here in simple terms:  Defendant in its letter of January 26 stated that "Plaintiffs have nowhere alleged that David Birnbaum is not rightly and properly identified as David B Guggenheim."  Plaintiffs in response on January 31 refuted that claim, based on the allegation that "Defendant Birnbaum has no right to use the name GUGGENHEIM . . . ."  The only way that the allegation noted could be read to attack Defendant Birnbaum's use of Guggenheim as a surname would be if the Plaintiffs could legitimately claim a right to control the use of GUGGENHEIM as a surname. (Otherwise, how could Plaintiffs make an assertion as to Defendant Birnbaum's rights in that regard?)

    However, even taking Plaintiffs' factual allegations as true, they can not claim control of the use of GUGGENHEIM as a surname.  In order to register the GUGGENHEIM trademark over the initial objections of the PTO, Plaintiffs contended (repeatedly) that the GUGGENHEIM for which they sought protection was not primarily a surname.  Plaintiffs effectively limited their trademark claims to "non-surname" GUGGENHEIM.  Plaintiffs' allegation that "Birnbaum has no right to use the name GUGGENHEIM" must, then, be limited to "non-surname" GUGGENHEIM, and the Plaintiffs' SAC is left devoid of any meaningful allegation as to Defendant Birnbaum's use of GUGGENHEIM as a <u>surname</u>.