UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUGGENHEIM CAPITAL, LLC, AND GUGGENHEIM PARTNERS, LLC,<br><br>                Plaintiffs,<br><br>              v.<br><br>CATARINA PIETRA TOUMEI, A/K/A LADY CATARINA PIETRA TOUMEI A/K/A CATARINA FREDERICK; VLADIMIR ZURAVEL A/K/A VLADIMIR GUGGENHEIM A/K/A VLADIMIR Z. GUGGENHEIM A/K/A VLADIMIR Z. GUGGENHEIM BANK; DAVID BIRNBAUM A/K/A DAVID B. GUGGENHEIM; ELI PICHEL; THEODOR PARDO; DABIR INTERNATIONAL, LTD., AND JOHN DOES 1-10,<br><br>                Defendants. | Civil Action No. 10-CV-8830-PGG<br><br>JURY TRIAL DEMANDED |

## DECLARATION OF JOHN J. DABNEY IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT, PERMANENT INJUNCTIVE RELIEF, STATUTORY DAMAGES AND ATTORNEYS' FEES AGAINST DEFENDANTS DAVID BIRNBAUM AND DABIR INTERNATIONAL, LTD.

I, John Dabney, hereby declare, affirm and state the following:

1. I am an attorney admitted to practice in the District of Columbia and had been admitted *pro hac vice* before this Court for this case. I am a partner in the law firm of McDermott Will & Emery LLP, counsel for plaintiffs Guggenheim Capital, LLC and Guggenheim Partners, LLC in this action.

2. I have direct knowledge of the statements contained herein based upon, among other things, my personal knowledge, my representation of Plaintiffs in this matter, my review of

documents produced during discovery in this case, and my review of the pleadings filed in this matter. I am familiar with all the facts and circumstances in this action.

3. I submit this declaration ("Declaration") pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of Plaintiffs' Motion for Default Judgment, Permanent Injunctive Relief, Statutory Damages and Attorneys' Fees Against Defendants David Birnbaum and Dabir International, Ltd.

4. This action was commenced by the filing of a Verified Complaint on November 22, 2010. (Dkt. No. 1.) The current operative complaint in this action is Plaintiffs' Second Amended Complaint, filed on January 14, 2011. (Dkt. No. 50.) Through their Second Amended Complaint, Plaintiffs seek to obtain damages, attorneys' fees and costs owed by Defendants to Plaintiffs for Defendants' unlawful trademark counterfeiting, trademark infringement, trademark dilution, false advertising, cybersquatting, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, *et seq.*, for violations of the Racketeer Influenced and Corrupt Organization Act ("RICO") under 18 U.S.C. § 1962, *et seq.*, and for trademark infringement, trademark dilution, deceptive acts and practices, and fraud under New York law.

5. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), 18 U.S.C. §§ 1961 and 1964, and 28 U.S.C. §§ 1331, 1338(a) and 1338(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. This Court has personal jurisdiction over defendant David Birnbaum and defendant Dabir International, Ltd., because they reside in this district. This Court has specific jurisdiction over all Defendants because some of Defendants' unlawful acts and events occurred in this district, including the creation and distribution of materials bearing counterfeits of Plaintiffs' GUGGENHEIM trademarks.

7. On November 22, 2010, the Clerk of this Court issued a Summons for Defendants. That same day, the Court issued a Temporary Restraining Order and ordered Plaintiffs to serve those documents on Defendants. The TRO prohibited Defendants from using any of Plaintiffs' GUGGENHEIM marks; required Defendants to participate in expedited discovery; and required Defendants to preserve all records relating to this matter.

8. Defendant David Birnbaum was served in compliance with the Court's Order, with: (1) Summons, Verified Complaint and exhibits, dated November 22, 2010; (2) Civil Cover Sheet; (3) Rule 7.1 statement; (4) Plaintiffs' First Set of Requests for Production of Documents to Defendants; (5) Plaintiffs' First Set of Interrogatories; and (6) Temporary Restraining Order dated November 22, 2010; as follows: on November 24, 2010 via personal service at 525 Ocean Parkway, Apt. 1-G, Brooklyn, NY.

9. An Affidavit of Service of Summons, Verified Complaint and other documents detailed above, confirming service of those documents upon Defendant Birnbaum was filed with the Court on December 3, 2010 (Dkt. No. 10).

10. Defendant David Birnbaum was served with Plaintiffs' Second Amended Complaint, dated January 14, 2011, as follows: with Mr. Birnbaum's consent, to his attorney, Mr. Yitzchak Cohen, via email service on January 14, 2011.

11. Defendant Dabir International, Ltd. was served with Plaintiffs' Second Amended Complaint, dated January 14, 2011, and the Summons as follows: with Dabir International's consent, to its attorney, Mr. Yitzchak Cohen, via email service on January 14, 2011.

12. The receipt by defendants David Birnbaum and Dabir International, Ltd. of Plaintiffs' Second Amended Complaint, and Summons to Dabir International, Ltd., is further

evidenced by the fact that defendants David Birnbaum and Dabir International, Ltd. filed a Motion to Dismiss Plaintiffs' Second Amended Complaint on February 14, 2011. (Dkt. No. 81.)

13. Upon information and belief, defendant David Birnbaum is not a minor, in the military service of the United States, or mentally incompetent.

14. A true and correct copy of the Declaration of Joel Costonis, a business owner with whom Defendants attempted to do business using the name "Guggenheim," is attached hereto as Exhibit A.

15. A true and correct copy of the transcript of the FRCP 30(b)(6) deposition of defendant Dabir International, Ltd., ("Dabir") for who David Birnbaum was designated as Dabir's corporate representative, taken by Plaintiffs on March 15, 2011, is attached hereto as Exhibit B.

16. A true and correct copy of the transcript of the April 4, 2011 contempt hearing before this Court is attached hereto as Exhibit C.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Washington, DC, on April 18, 2011.

/s/ John J. Dabney

John J. Dabney

WDC99 2007866-1.067276.0119