1

13F3GUGD                    BIRNBAUM
1   UNITED STATES DISTRICT COURT
1   SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
2
3   GUGGENHEIM CAPITAL, LLC,
3   and GUGGENHEIM PARTNERS, LLC,
4
4                   Plaintiffs,
5
5          v.                    10 CIV 8830 (PGG)
6
6   CATARINA PIETRA TOUMEI, ET AL.
7
7                   Defendants.
8
8   ------------------------------x
9
9                            March 15, 2011
10                           11:00 a.m.
11
12
13             Deposition of DAVID BIRNBAUM, A/K/A
14  DAVID B. GUGGENHEIM, taken by RITA WEEKS, at the
15  offices of McDermott Will & Emery, before Rebecca
16  Forman, a Registered Merit Reporter and Notary
17  Public of the State of New York.
18
19
20
21
22
23
24
25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

2

```
13F3GUGD                        BIRNBAUM
 1   A P P E A R A N C E S:
 2
 3   McDERMOTT WILL &EMERY
 3        Attorneys   for Plaintiffs
 4   RITA WEEKS
 4   MICHAEL SHANAHAN
 5
 5
 6   BEN D. MANEVITZ
 6        Attorney  for Defendants Birnbaum and Dabir
 7     International
 7
 8   ALSO PRESENT:
 8   PRYOR ·CASHMAN
 9   BY:  ROBERT RAY
10
11                          oOo
12
13        IT IS HEREBY STIPULATED AND AGREED, by
14   and between counsel for the respective parties
15   hereto, that the sealing and filing of the within
16   deposition be waived; that such deposition may be
17   signed and sworn to before any officer authorized
18   to administer an oath; that all objections, except
19   as to form, are reserved to the time of trial.
20
21
22
23
24
25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

3

13F3GUGD                          BIRNBAUM

 1              THE VIDEOGRAPHER:  Good morning.  This
 2      begins tape number one in the deposition of
 3      David Birnbaum for Dabir International in the
 4      matter of Guggenheim Capital, et al. v. Catarina
 5      Pietra Toumei, et al.  This deposition is being
 6      taken at 340 Madison Avenue, New York, New York.
 7      Today's date is March 15, 2011.  The time on the
 8      video screen is 10:56 a.m.  Will counsel please
 9      identify themselves for the record.
10              MS. WEEKS:  Rita Weeks for plaintiffs
11      Guggenheim Capital and Guggenheim Partners.
12              MR. SHANAHAN:  Michael Shanahan on
13      behalf of the Guggenheim plaintiffs of McDermott
14      Will & Emery.
15              MR. MANEVITZ:  Ben D. Manevitz on
16      behalf of Dabir and David Birnbaum.
17              (Witness affirmed)
18      BY MS. WEEKS:
19          Q.    Good morning, Mr. Birnbaum.  Do you
20      understand that you are here today to testify in
21      behalf of Dabir International as the
22      corporation?
23              Do you understand, sir?
24              MR. MANEVITZ:  Do you understand that?
25              MR. RAY:  You can answer that
                 SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

13F3GUGD                          BIRNBAUM

1     question.
2          A.     Yes.
3          Q.     Mr. Birnbaum, this is going to be a
4     different type of deposition than the
5     depositions we've conducted previously where
6     you've testified.  This is a deposition of the
7     company Dabir International Limited, and you
8     will be testifying on behalf of the corporation
9     and not yourself personally.
10               Do you understand this?
11               MR. MANEVITZ:  You can answer that
12    question.
13         A.     Yes.
14         Q.     Mr. Birnbaum, I am going to hand you
15    what will be marked as Exhibit 1 to Dabir's
16    deposition.
17               (Exhibit 1 marked).
18         Q.     This is plaintiffs' rule 30(b)(6)
19    notice of deposition to Dabir International.
20    Have you seen this document before, sir?
21               MR. MANEVITZ:  Take the Fifth.  Start
22    now, it's easier.  Start now.  Start now.
23         Q.     Sir, what is your answer?  Have you
24    seen this document before?
25         A.     No.

13F3GUGD                    BIRNBAUM

1           MR. MANEVITZ:  That's not what I said
2      to you.
3           Q.    You have not seen this document
4      before?
5           MR. MANEVITZ:  I'm advising my client,
6      in order to preserve the privilege, I'm advising
7      you to take the Fifth Amendment.
8           MS. WEEKS:  Mr. Manevitz, it's
9      inappropriate for your client to take the Fifth
10     Amendment.
11          MR. MANEVITZ:  That's actually not
12     true.
13          A.    I omit the Fifth Amendment.
14          Q.    Mr. Birnbaum, are you asserting the
15     Fifth Amendment on behalf of yourself personally
16     or on behalf of Dabir International the
17     corporation?
18          MR. MANEVITZ:  Personally.
19          MS. WEEKS:  Mr. Manevitz, please don't
20     testify for the witness.  This isn't your
21     deposition.
22          MR. MANEVITZ:  It's not my deposition.
23          MS. WEEKS:  We can take yours at a
24     later date.
25          Q.    Mr. Birnbaum, can you please answer my

```
        13F3GUGD                        BIRNBAUM
 1     question?
 2           A.    I omit the Fifth.
 3           Q.    You plead the Fifth Amendment with
 4     respect to Dabir the corporation or with respect
 5     to yourself as an individual?
 6           A.    I omit the Fifth.
 7           Q.    Mr. Birnbaum, who is Dabir
 8     International Limited?
 9           A.    I omit the Fifth.
10           MR. MANEVITZ:  Can I say -- what are
11     you saying?  "Omit the Fifth"?
12           THE WITNESS:  That's what --
13           MR. MANEVITZ:  I just didn't --
14           Q.    Mr. Birnbaum, has Dabir International
15     been charged with any crime in any proceeding
16     ever?
17           A.    I omit the Fifth Amendment.
18           Q.    Mr. Birnbaum, are you aware that Dabir
19     International has not been charged with a crime
20     in relation to the pending criminal case against
21     yourself, Ms. Catarina Toumei, and Mr. Vladimir
22     Zuravel?
23           A.    I omit the Fifth.
24           Q.    Mr. Birnbaum, isn't it true that Dabir
25     has not been charged with a crime in relation to
                    SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300
```

13F3GUGD                              BIRNBAUM

1    that case?
2         A.    I omit the Fifth.
3         Q.    Isn't it true that Dabir International
4    has not been charged in a crime in any case
5    ever?
6         A.    I omit the Fifth.
7         Q.    Mr. Birnbaum, how would my previous
8    question implicate any Fifth Amendment concerns
9    with respect to yourself personally?
10        A.    I omit the Fifth.
11        Q.    Mr. Birnbaum, how would telling me if
12   you understand whether or not Dabir has been
13   charged with a crime potentially incriminate
14   yourself personally?
15        A.    I omit the Fifth.
16        Q.    Mr. Birnbaum, isn't it true that you
17   have seen the document that I have marked as
18   Exhibit 1 to your deposition?
19        A.    I omit the Fifth.
20        Q.    Isn't it true, Mr. Birnbaum, that you
21   have been designated to testify on the 43
22   deposition topics that are listed in plaintiffs'
23   notices of deposition?
24        A.    I omit the Fifth.
25        Q.    Mr. Birnbaum, isn't it true that Dabir
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

13F3GUGD                              BIRNBAUM

```
 1      International did not submit any objection to
 2      plaintiffs' notice of rule 30(b)(6) deposition
 3      of Dabir International?
 4           A.    I omit the Fifth.
 5           Q.    Mr. Birnbaum, does Dabir International
 6      object to plaintiffs' deposition notice?
 7           A.    I omit the Fifth.
 8           Q.    Mr. Birnbaum, isn't it true that
 9      you've been designated to provide answers on
10      behalf of Dabir for topic one in Exhibit 1?
11           A.    I omit the Fifth.
12           Q.    Mr. Birnbaum, how was Dabir
13      International formed?
14           A.    I omit the Fifth.
15           Q.    When was Dabir International formed?
16           A.    I omit the Fifth.
17           Q.    Does Dabir International currently
18      exist?
19           A.    I omit the Fifth.
20           Q.    Is Dabir International licensed to do
21      business in any state?
22           A.    I omit the Fifth.
23           Q.    Is Dabir International licensed to do
24      business in any country in the world?
25           A.    I omit the Fifth.
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
      13F3GUGD                      BIRNBAUM
 1          Q.    What type of business does Dabir
 2    International engage in?
 3          A.    I omit the Fifth.
 4          Q.    Does Dabir International sell any
 5    products?
 6          A.    I omit the Fifth.
 7          Q.    Does Dabir International offer any
 8    services?
 9          A.    I omit the Fifth.
10          Q.    Mr. Birnbaum, what did you do to
11    prepare for this deposition today on behalf of
12    Dabir?
13          A.    I omit the Fifth.
14          Q.    Did you prepare whatsoever for this
15    deposition today?
16          A.    I omit the Fifth.
17          Q.    Mr. Birnbaum, did you review any
18    documents to prepare for this deposition today?
19          A.    I omit the Fifth.
20          Q.    Did you speak with any persons to
21    prepare for this deposition today?
22          A.    I omit the Fifth.
23          Q.    Isn't it true, Mr. Birnbaum, that you
24    are completely unprepared for this 30(b)(6)
25    deposition of Dabir International?
```

```
     13F3GUGD                    BIRNBAUM
 1        A.    I omit the Fifth.
 2        Q.    Mr. Birnbaum, what other person or
 3   persons can testify as to any of the topics
 4   listed in plaintiffs' notice of deposition to
 5   Dabir?
 6        A.    I omit the Fifth.
 7        MS. WEEKS:  Mr. Manevitz, your client
 8   Dabir International has the duty to designate a
 9   representative who does not have Fifth Amendment
10   issues and can testify as to the deposition
11   topics that your client did not object to.
12        MR. MANEVITZ:  Only to the extent
13   there is one available.  That one exists.  Since
14   there is not one that exists besides
15   Mr. Birnbaum, that's what you get.
16        MS. WEEKS:  Actually, that's --
17        MR. MANEVITZ:  There is no one who
18   exists who has any knowledge of any of the
19   things listed in your notice except for Mr.
20   Birnbaum.
21        MS. WEEKS:  Then your client is under
22   a duty to designate a new person and make them
23   familiar with the topics.
24        MR. MANEVITZ:  No.  No, I'm sorry,
25   that's just -- I don't know where you're getting
```

13F3GUGD                          BIRNBAUM

1    that from.   That's a wonderful piece of law that
2    you are making up there.
3              MS. WEEKS:   Would you like to provide
4    me with some legal authority that supports your
5    position?   Because I'm happy to provide you with
6    ours.
7              MR. MANEVITZ:   I'm sorry.   There is
8    nobody who has knowledge of the events and
9    circumstances for which you are requesting the
10   information except for Mr. Birnbaum.   And that's
11   basically -- he is the 30(b)(6) designee.   He is
12   the only one who has knowledge, he's the only
13   one who has any recollection of anything, and
14   that's all there is.   He's the guy.
15             MS. WEEKS:   Mr. Manevitz, is it your
16   position that Dabir International Limited, your
17   client, who you have filed an appearance for in
18   this case, who you have represented in this
19   case, you did not file any objections to this
20   deposition of this.   Is it your position that
21   Dabir International is not under an obligation
22   to produce a designee in response to plaintiffs'
23   30(b)(6) deposition notice who can testify as to
24   the topics listed in that notice?
25             MR. MANEVITZ:   It is my position that

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

13F3GUGD                    BIRNBAUM

1    the only 30(b)(6) designee that is available in
2    the universe is Mr. Birnbaum.
3              MS. WEEKS:  So Mr. Manevitz, am I
4    correct in my understanding that it is your
5    position that Dabir International does not have
6    a duty to educate a different witness who is
7    able to testify as to the topics listed in
8    plaintiffs' deposition notice if Mr. Birnbaum
9    decides to assert the Fifth Amendment?
10              MR. MANEVITZ:  I need to think about
11   that for a second.
12              MS. WEEKS:  Thank you for thinking
13   about that before we started this deposition and
14   thank you for not thinking about that as early
15   as February 24, 2011, when you received
16   plaintiffs' 30(b)(6) deposition notice.
17              MR. MANEVITZ:  I never heard of that
18   particular obligation.  That's actually true.
19   To the event that -- to the extent that
20   educating other witness would affect the same
21   privilege and/or to the extent that having
22   another witness even testify would probably --
23   no -- but certainly educate another witness
24   would probably waive the Fifth Amendment
25   privilege, then there is no obligation on

13F3GUGD                    BIRNBAUM
1     Mr. Birnbaum to educate anybody.
2             MS. WEEKS:  So, Mr. Manevitz, what you
3     are saying is that plaintiffs are not entitled
4     to conduct a 30(b)(6) deposition of any
5     representative on behalf of Dabir?
6             MR. MANEVITZ:  No.  They are entitled
7     to engage in any 30(b)(6) deposition to the
8     extent that that person has knowledge.  The only
9     person with that notice is Mr. Birnbaum.  The
10    only person with that knowledge and
11    understanding is Mr. Birnbaum.  The only person
12    who knows what happened is Mr. Birnbaum.  The
13    only person whose Fifth Amendment rights are
14    implicated is Mr. Birnbaum.  That's just -- I'm
15    sorry.  But that's -- I really wish I could help
16    you.
17            MS. WEEKS:  So Dabir International is
18    under no obligation to educate someone to
19    testify.
20            MR. MANEVITZ:  I am unaware of that
21    obligation.  If there is such an obligation,
22    feel free to educate me and see what happens.
23            MS. WEEKS:  Mr. Manevitz, it is
24    plaintiffs' position that your understanding of
25    the law is incorrect, and that your client Dabir
                  SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

13F3GUGD                          BIRNBAUM

1     International, for whom you still represent and
2     have not been granted leave to withdraw from
3     this case from representing, is under an
4     obligation to produce a witness or educate a
5     witness to the extent that Mr. Birnbaum chooses
6     to assert an alleged Fifth Amendment right.  And
7     plaintiffs will file a motion with the Court
8     seeking to compel Dabir International to produce
9     such witness, and --
10              MR. MANEVITZ:  Plaintiffs have filed
11    many applications with the Court previously, and
12    are free to file whatever application to the
13    Court they wish to in the future.  I will, you
14    know, represent Dabir to the best of my ability
15    for as long as I'm still their counsel, and I
16    will respond, having done some research and
17    examine the cases on my own.  I'm not going
18    to -- you're welcome to file whatever you want
19    to the Court and I will respond.
20              MS. WEEKS:  Do you remember the last
21    time we were here with Mr. Ray and Mr. Birnbaum
22    and we spoke with the Court and the Court --
23              MR. MANEVITZ:  That wasn't the last
24    time.  It was the time before.
25              MS. WEEKS:  Do you remember the
                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

```
13F3GUGD                    BIRNBAUM
```

```
 1    instance where we were here in my firm's New
 2    York office and your client pulled the same
 3    shenanigans?
 4             MR. MANEVITZ:  There is no shenanigans
 5    here.  It is the Fifth Amendment.  It's the
 6    Constitution.
 7             MS. WEEKS:  Why did Dabir
 8    international not submit any objections to
 9    plaintiffs' rule 30(b)(6) deposition notice of
10    Dabir International?
11             MR. MANEVITZ:  Dabir International
12    does not have a Fifth Amendment right.  Under
13    Braswell at 114, however, Mr. Birnbaum does have
14    a Fifth Amendment right.
15             MS. WEEKS:  Mr. Manevitz, please
16    explain to me why the question "Have you
17    received this deposition notice" implicates
18    Mr. Birnbaum's personal Fifth Amendment right.
19             MR. MANEVITZ:  I'm sorry?  I didn't
20    understand your question.  I was not paying
21    attention actually, I'm sorry.
22             All right.  That's fine.  I know that.
23             MS. WEEKS:  Mr. Ray, do you represent
24    Dabir International?
25             MR. RAY:  I represent the witness.
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

13F3GUGD                    BIRNBAUM

1              MS. WEEKS:  Do you represent Dabir
2       International?
3              MR. MANEVITZ:  This is not Mr. Ray's
4       deposition.
5              MS. WEEKS:  Mr. Ray has chosen to
6       appear at my deposition, and I would like him to
7       answer the question.
8              MR. MANEVITZ:  You're welcome to like
9       whatever you'd like.
10             MS. WEEKS:  Mr. Manevitz, is your name
11      Mr. Ray?
12             MR. MANEVITZ:  My name is not Mr. Ray.
13             MS. WEEKS:  Would you let Mr. Ray
14      speak then?  Thank you very much.
15             Mr. Ray, do you represent Dabir
16      International Limited?
17             Do you want to --
18             MR. SHANAHAN:  I don't think Mr. Ray
19      has made an appearance at this deposition.  So
20      if he would remain silent, I would ask him to
21      remain silent throughout the deposition, and you
22      can take his silence as a "no."
23      BY MS. WEEKS:
24         Q.   Mr. Birnbaum, is there any other
25      person besides yourself who can speak to any of
                  SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

13F3GUGD                          BIRNBAUM

1    the 43 deposition topics in the document that
2    has been marked as Exhibit 1 to your deposition?
3         A.    I omit the Fifth.
4         Q.    Mr. Birnbaum, did you attempt to find
5    any other person who could testify as to the
6    topics listed in plaintiffs' deposition notice
7    to Dabir International?
8         A.    I omit the Fifth Amendment.
9         Q.    Why didn't you try to secure the
10   testimony of any other person?
11        A.    I omit the Fifth Amendment.
12        Q.    Mr. Birnbaum, why did you not seek to
13   educate another person with respect to the
14   topics listed in plaintiffs' deposition notice
15   to Dabir?
16        A.    I omit the Fifth.
17        Q.    Isn't it true that you made no effort
18   whatsoever to designate any other witness who
19   could speak to these topics?
20        A.    I omit the Fifth.
21        Q.    Isn't it true that you made no effort
22   to educate any other person in order to speak to
23   these topics?
24        A.    I omit the Fifth.
25        Q.    Mr. Birnbaum, has Dabir International
                 SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

```
     13F3GUGD                    BIRNBAUM
 1   ever transacted any business?
 2        A.    I omit the Fifth.
 3        Q.    Can you tell me what type of business
 4   Dabir has transacted?
 5        A.    I omit the Fifth.
 6        Q.    Does Dabir sell any products?
 7        A.    I omit the Fifth.
 8        Q.    Does Dabir sell any services?
 9        A.    I omit the Fifth.
10        Q.    Mr. Birnbaum, looking at Exhibit 1
11   again, deposition topic number one is "Products
12   and services advertised, offered for sale,
13   distributed or sold by Dabir."  What did you do
14   to prepare for testifying on this topic today?
15        A.    I omit the Fifth.
16        Q.    What documents did you look at to
17   prepare for testifying with respect to this
18   topic?
19        A.    I omit the Fifth.
20        Q.    Again, looking at deposition topic
21   number one, what people did you speak to, to
22   prepare for testifying on this topic?
23        A.    I omit the Fifth.
24        Q.    How long did you spend in preparation
25   to testify with respect to topic number one?
```

```
     13F3GUGD                    BIRNBAUM
 1            A.    I omit the Fifth.
 2                  MR. MANEVITZ:  Could I interrupt.
 3       Could I get a copy?  Just so I can look.  I
 4       don't have it in front of me.  Thanks.
 5                  MS. WEEKS:  Mr. Manevitz, have you
 6       seen this document before?
 7                  MR. MANEVITZ:  I'm not being deposed.
 8       Have a nice day with that.
 9            Q.    Mr. Birnbaum, who besides yourself
10       would have information concerning deposition
11       topic number one?
12            A.    I omit the Fifth.
13            Q.    Mr. Birnbaum, does Dabir International
14       hold any business licenses currently?
15            A.    I omit the Fifth.
16            Q.    Is Dabir licensed to do business in
17       any state?
18            A.    I omit the Fifth.
19            Q.    Is Dabir licensed to do business in
20       New York?
21            A.    I omit the Fifth.
22            Q.    Is Dabir licensed to do business in
23       Delaware?
24            A.    I omit the Fifth.
25            Q.    Is Dabir licensed to do business in
                       SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

13F3GUGD                    BIRNBAUM

```
 1       the District of Columbia?
 2            A.    I omit the Fifth.
 3            Q.    Has Dabir ever been licensed to do
 4       business in the United States?
 5            A.    I omit the Fifth.
 6            Q.    Has Dabir ever been licensed to do
 7       business in any foreign country?
 8            A.    I omit the Fifth.
 9            Q.    Has Dabir ever filed any papers with a
10       U.S. government agency?
11            A.    I omit the Fifth.
12            Q.    Has Dabir ever filed any papers with
13       any foreign government?
14            A.    I omit the Fifth.
15            Q.    Mr. Birnbaum, isn't it true that Dabir
16       International has represented to the U.S. patent
17       and trademark office that it is a Delaware
18       corporation in good standing?
19            A.    I omit the Fifth.
20            Q.    Mr. Birnbaum, what did you do to
21       prepare to testify to deposition topic number
22       two?
23            A.    I omit the Fifth.
24            Q.    What documents did you look at to
25       prepare for deposition topic number two?
```

```
        13F3GUGD                        BIRNBAUM
 1           A.    I omit the Fifth.
 2           Q.    Who did you speak with to prepare for
 3      deposition topic number two?
 4           A.    I omit the Fifth.
 5           Q.    How long did you spend preparing to
 6      testify towards deposition topic number two?
 7           A.    I omit the Fifth.
 8           Q.    Mr. Birnbaum, who else can testify as
 9      to deposition topic number two besides yourself
10      on behalf of Dabir International?
11           A.    I omit the Fifth.
12           Q.    Mr. Birnbaum, what does the word
13      "Dabir" mean?
14           A.    I omit the Fifth.
15           Q.    Isn't it true, Mr. Birnbaum, that
16      Dabir is a shorthand reference to your name,
17      David Birnbaum?
18           A.    I omit the Fifth.
19           Q.    Mr. Birnbaum, what is Dabir's current
20      address?
21           A.    I omit the Fifth.
22           Q.    What is Dabir's current phone number?
23           A.    I omit the Fifth.
24           Q.    Mr. Birnbaum, can you tell me every
25      address that Dabir has had since its formation?
```

13F3GUGD                    BIRNBAUM

1          A.    I omit the Fifth.
2          Q.    Can you tell me every phone number
3     that Dabir has had since its formation?
4          A.    I omit the Fifth.
5          Q.    Mr. Birnbaum, can you tell me any
6     facsimile number that Dabir International has
7     used since it was formed?
8          A.    I omit the Fifth.
9          Q.    Mr. Birnbaum, what position do you
10    hold at Dabir International?
11         A.    I omit the Fifth.
12         Q.    Do you work for Dabir International?
13         A.    I omit the Fifth.
14         Q.    Do you own Dabir International?
15         A.    I omit the Fifth.
16         Q.    Isn't it true that you hold yourself
17    out to be the chairman of Dabir International?
18         A.    I omit the Fifth.
19         Q.    Mr. Birnbaum, I'm now going to give
20    you what will be marked as Exhibit 2 to Dabir
21    International's deposition.
22               (Exhibit 2 marked)
23         Q.    This document shows a business card
24    reading Dabir International Limited, David B.
25    Guggenheim.  Underneath David B. Guggenheim it

                    SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

13F3GUGD                              BIRNBAUM

1    reads chairman.
2                Mr. Birnbaum, is this your business
3    card?
4        A.    I omit the Fifth.
5        Q.    Mr. Birnbaum, this exhibit shows an
6    address of 525 Ocean Parkway, Suite 1G-H,
7    Brooklyn, New York 11218.  ·
8                Is this Dabir International's address?
9        A.    I omit the Fifth.
10       Q.    Isn't it true, Mr. Birnbaum, that 525
11   Ocean Parkway, Suite 1G-H, Brooklyn, New York
12   11218 is in fact Dabir International's address?
13       A.    I omit the Fifth.
14       Q.    Mr. Birnbaum --
15             MR. MANEVITZ:  Sorry.  I'm sorry.  It
16   was supposed to be on vibe.
17       Q.    I am going to direct your attention to
18   page two of Exhibit 1.  Deposition topic number
19   34.  This deposition topic asked Dabir
20   International to be familiar with defendant's
21   corporate organization chart, including the
22   identities of the defendant's officers, owners,
23   employees and agents and their respective job
24   descriptions.
25             Mr. Birnbaum, how did you prepare to

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

13F3GUGD                         BIRNBAUM

 1    testify with respect to deposition topic number
 2    34?
 3                    It is on page two of that exhibit,
 4    sir.
 5                    MR. MANEVITZ:  Page two?
 6                    MS. WEEKS:  I'm sorry.
 7                    MR. MANEVITZ:  Page eight.
 8                    MS. WEEKS:  Yes.  Thank you,
 9    Mr. Manevitz.
10         A.    I omit the Fifth.
11         Q.    Isn't it true, Mr. Birnbaum, that you
12    did not prepare to testify on deposition topic
13    number 34 on behalf of Dabir?
14         A.    I omit the Fifth.
15         Q.    Mr. Birnbaum, what other person would
16    have information concerning deposition topic
17    number 34?
18         A.    I omit the Fifth.
19         Q.    Mr. Birnbaum, does Dabir currently
20    have any employees?
21         A.    I omit the Fifth.
22         Q.    Does Dabir currently retain any
23    consultants?
24         A.    I omit the Fifth.
25         Q.    Or independent contractors?

13F3GUGD                              BIRNBAUM
1         A.    I omit the Fifth.
2         Q.    Is Dabir currently represented by an
3    attorney?
4         A.    I omit the Fifth.
5         Q.    Is Miriam Birnbaum involved with
6    Dabir?
7         A.    I omit the Fifth.
8         Q.    Is defendant Catarina Toumei involved
9    with Dabir?
10        A.    I omit the Fifth.
11        Q.    Isn't it true that defendant Toumei
12   has been involved in soliciting investments for
13   Dabir?
14        A.    I omit the Fifth.
15        Q.    Is defendant Vladimir Zuravel involved
16   with Dabir?
17        A.    I omit the Fifth.
18        Q.    Isn't it true that defendant Zuravel
19   has been involved with soliciting investments
20   for Dabir?
21        A.    I omit the Fifth.
22        Q.    Is defendant Pichel involved with
23   Dabir?
24        A.    I omit the Fifth.
25        Q.    Isn't it true that defendant Pichel

13F3GUGD                         BIRNBAUM

1   has been involved in soliciting investments for
2   Dabir?
3        A.    I omit the Fifth.
4        Q.    Mr. Birnbaum, is Dabir International
5   familiar with a woman -- I will spell her name
6   because it's a difficult pronunciation.  A woman
7   with the name, first name L-y-u-d-n-i-l-a,
8   Grossman, G-r-o-s-m-a-n?
9        A.    I omit the Fifth.
10       Q.    Isn't it true that Ms. Grossman worked
11  for Dabir in submitting a bid for the company
12  Lukoil in 2004?
13       A.    I omit the Fifth.
14       Q.    Mr. Birnbaum, is Dabir involved with
15  selling crude oil?
16       A.    I omit the Fifth.
17       Q.    Is Dabir involved with purchasing
18  crude oil?
19       A.    I omit the Fifth.
20       Q.    Has Dabir ever been involved with
21  selling crude oil?
22       A.    I omit the Fifth.
23       Q.    Has Dabir ever been involved with
24  purchasing oil?
25       A.    I omit the Fifth.

13F3GUGD                    BIRNBAUM

1        Q.     Mr. Birnbaum, I'm now going to give
2   you a document that will be marked as Exhibit 3
3   to your deposition.
4               (Exhibit 3 marked)
5        Q.     Mr. Birnbaum, do you recognize this
6   document?
7        A.     I omit the Fifth.
8        Q.     Mr. Birnbaum, this document has been
9   marked as Exhibit 3 was produced by you in this
10  litigation.  It is Bates number DB-B-000002 to
11  4.  This document contains two articles from The
12  New York Times in September of 2004.
13              Are you telling me you are not
14  familiar with this document?
15       A.     I'll omit the Fifth.
16       Q.     Did you produce this document to
17  plaintiffs during this litigation?
18       A.     I am going to omit the Fifth.
19       Q.     Mr. Birnbaum, Exhibit Number 3
20  represents that a company named Dabir
21  International placed a bid for the oil company
22  Lukoil.  Is this correct?
23       A.     I omit the Fifth.
24       Q.     Did Dabir in fact place a bid for that
25  oil company in 2004?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
     13F3GUGD                    BIRNBAUM
 1          A.    I omit the Fifth.
 2          Q.    Mr. Birnbaum, on the last page of this
 3     exhibit, Bates marked DB-B000004, is the second
 4     news story dated September 29, 2004.  Have you
 5     seen this document before?
 6          A.    I omit the Fifth.
 7          Q.    Mr. Birnbaum, the page I just
 8     referenced explains that Dabir International is
 9     not affiliated with the Guggenheim family.  Do
10     you see that, sir?
11          A.    I omit the Fifth.
12          Q.    Is that a correct statement?
13          A.    I omit the Fifth.
14          Q.    This document also states that a
15     Mr. David Guggenheim's address is listed as
16     Ocean Parkway in Brooklyn.  Do you see that
17     portion, sir?
18          A.    I omit the Fifth.
19          Q.    Is that a correct statement?
20          A.    I omit the Fifth.
21          Q.    This article also states that Dabir
22     International is a holding company.  Do you see
23     that part in the article, sir?
24          A.    I omit the Fifth.
25          Q.    Is Dabir International a holding
```

13F3GUGD                          BIRNBAUM

1   company?
2         A.    I omit the Fifth.
3         Q.    Is Dabir International affiliated with
4   my clients, plaintiffs Guggenheim Partners and
5   Guggenheim Capital?
6         A.    I omit the Fifth.
7         Q.    Isn't it true, sir, that Dabir
8   International has no connection with my clients
9   Guggenheim Partners and Guggenheim Capital?
10        A.    I omit the Fifth.
11        Q.    Mr. Birnbaum, I'm now going to give
12  you a document that will be marked as Exhibit 4
13  to your deposition.
14              (Exhibit 4 marked)
15        Q.    This document is a news story from the
16  Russian Oil and Gas Report dated August 25,
17  2004.  Do you recognize this document, sir?
18        A.    I omit the Fifth.
19        Q.    The title of this article is "David
20  Guggenheim Is Interested in the State Owned
21  Stake in Lukoil."  Do you see that portion, sir?
22        A.    I omit the Fifth.
23        Q.    Mr. Birnbaum, is the information
24  concerning Dabir International in this article
25  correct?

13F3GUGD                    BIRNBAUM

1          A.    I omit the Fifth.
2          Q.    Sir, this article describes a
3    Ms. Grossman as a partner with Dabir
4    International with respect to this transaction
5    with Lukoil.  Is that a correct representation?
6          A.    I omit the Fifth.
7          Q.    This article also describes Dabir
8    International as an owner of a bank and a number
9    of oil companies and oil refineries.  Is that a
10   correct statement, sir?
11         A.    I omit the Fifth.
12         Q.    Isn't it true that Dabir International
13   does not own a bank?
14         A.    I omit the Fifth.
15         Q.    Isn't it true that Dabir International
16   does not own any oil companies?
17         A.    I omit the Fifth.
18         Q.    Isn't it true, sir, that Dabir
19   International has used the Guggenheim name with
20   respect to this Lukoil transaction in efforts to
21   trade on the good will of my clients Guggenheim
22   Capital and Guggenheim Partners?
23         A.    I omit the Fifth.
24         Q.    Isn't it true, sir, that Dabir
25   International fraudulently used the Guggenheim

13F3GUGD                    BIRNBAUM

1  name in connection with this Lukoil transaction?
2       A.    I omit the Fifth.
3       Q.    Mr. Birnbaum, this article states that
4  Dabir International is not found in any
5  telephone directories and the news reporter
6  could not find any corporate information about
7  this company.  Isn't it true that Dabir
8  International is a fraudulent company?
9       A.    I omit the Fifth.
10      Q.    Isn't it true that Dabir International
11 only exists as a vehicle for you to scam
12 investors?
13      A.    I omit the Fifth.
14      Q.    Mr. Birnbaum, has Dabir International
15 ever filed any tax returns?
16      A.    I omit the Fifth.
17      Q.    Mr. Birnbaum, I'm now going to hand
18 you what has been marked as Exhibit 5 to your
19 deposition.
20           (Exhibit 5 marked)
21      Q.    This is a news story dated October 1,
22 2004, from the Russian Oil and Gas Report.  The
23 headline reads "ConocoPhillips paid $1.988
24 Billion for a 7.59 Stake in Lukoil."  Do you
25 recognize this document, sir?

                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

13F3GUGD                      BIRNBAUM

1        A.    I omit the Fifth.
2        Q.    Mr. Birnbaum, this document explains
3    that Dabir International was not admitted to the
4    auction for Lukoil.  Do you see that part of
5    this exhibit?
6        A.    I omit the Fifth.
7        Q.    Is that a true statement?
8        A.    I omit the Fifth.
9        Q.    Did Dabir International in fact follow
10   through with the bid for Lukoil in this
11   transaction?
12       A.    I omit the Fifth.
13       Q.    This exhibit explains that Dabir
14   International failed to pay the amount required
15   to participate in the auction so it was dropped
16   from participation.  Is that true, sir?
17       A.    I omit the Fifth.
18       Q.    Did Dabir International ever pay any
19   money to participate in the auction for Lukoil?
20       A.    I omit the Fifth.
21       Q.    Isn't it true, sir, that Dabir
22   International has used the name Guggenheim in
23   connection with the Lukoil transaction?
24       A.    I omit the Fifth.
25       Q.    Mr. Birnbaum, I'm now going to give

                   SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

13F3GUGD                    BIRNBAUM

1   you what has been marked as Exhibit 6 to your
2   deposition.
3                (Exhibit 6 marked)
4        Q.    Mr. Birnbaum, do you recognize these
5   documents?
6        A.    I omit the Fifth.
7        Q.    Mr. Birnbaum, what has been marked as
8   Exhibit 6 are your responses and objections to
9   plaintiffs' first set of requests for production
10  of documents in this lawsuit.  Did you serve
11  these to plaintiffs?
12       A.    I omit the Fifth.
13       Q.    Mr. Birnbaum, in the second portion of
14  the stapled documents that make up this exhibit,
15  there are documents that you, David
16  Guggenheim -- excuse me -- David Birnbaum
17  produced to plaintiffs in this litigation.   Do
18  you recognize these documents?
19       A.    I omit the Fifth.
20       Q.    Mr. Birnbaum, the documents produced
21  to plaintiffs by you that we are looking at the
22  first page shows three business cards.  Do you
23  recognize these business cards?
24       A.    I omit the Fifth.
25       Q.    Do they contain your name on them?

```
     13F3GUGD                    BIRNBAUM
 1          A.    I omit the Fifth.
 2          Q.    Do they contain the name David B.
 3   Guggenheim?
 4          A.    I omit the Fifth.
 5          Q.    Do they contain the term Dabir
 6   International Limited?
 7          A.    I omit the Fifth.
 8          Q.    Mr. Birnbaum, who is Dabir
 9   International Financial Services Limited?
10          A.    I omit the Fifth.
11          Q.    Is that an alias for Dabir
12   International Limited?
13          A.    I omit the Fifth.
14          Q.    Is that a separate company?
15          A.    I omit the Fifth.
16          Q.    Mr. Birnbaum, on page one of this set
17   of documents you're looking at, there is a
18   business card that says Dabir International
19   Limited it also says David B. Guggenheim,
20   chairman, and lists an address on Ocean Parkway
21   in Brooklyn, New York.
22               On the second page of the set of
23   documents we are looking at there is another
24   business card for Guggenheim Trust Company listing
25   David B. Guggenheim as chairman, with the
                       SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

```
13F3GUGD                    BIRNBAUM
```

1    identical address on Ocean Parkway in Brooklyn,
2    New York, the identical phone and the identical
3    fax number.
4                    Do you see these two documents, sir?
5          A.    I omit the Fifth.
6          Q.    Both of these business cards contain a
7    design at the top that are two interlocking
8    rings.  Do you see that portion, sir?
9          A.    I omit the Fifth.
10         Q.    Why are these business cards
11   identical, sir, when they are for two separate
12   companies?
13         A.    I omit the Fifth.
14         Q.    Mr. Birnbaum, isn't it true that Dabir
15   International has used the name Guggenheim in
16   connection with offering financial services?
17         A.    I omit the Fifth.
18         Q.    Mr. Birnbaum, on page one of this set
19   of documents we're looking at, there is a
20   business card.  Isn't it true that it reads
21   David Birnbaum Guggenheim, Dabir International
22   Financial Services Limited?  It is the bottom
23   business card on the top page of the documents
24   we're looking at.
25         A.    I omit the Fifth.

                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

```
        13F3GUGD                    BIRNBAUM
 1          Q.    Isn't it true that Dabir International
 2    has distributed dozens of these cards containing
 3    the term Guggenheim in connection with financial
 4    services?
 5          A.    I omit the Fifth.
 6          Q.    Mr. Birnbaum, I'm going to point you
 7    to page seven of the set of documents we're
 8    looking at.  Page seven shows letterhead for
 9    Dabir International Limited.  Do you recognize
10    this document, sir?
11          A.    I omit the Fifth.
12          Q.    Isn't it true that you produced this
13    letterhead to plaintiffs in this litigation,
14    Mr. Birnbaum?
15          A.    I omit the Fifth.
16          Q.    Mr. Birnbaum, as part of this
17    letterhead, on the left-hand side it reads David
18    B. Guggenheim, chairman.  Do you see that
19    portion of the document, sir?
20          A.    I omit the Fifth.
21          Q.    Why does it say David B. Guggenheim?
22          A.    I omit the Fifth.
23          Q.    Why did Dabir International use the
24    name David B. Guggenheim on this letterhead?
25          A.    I omit the Fifth.
```
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

13F3GUGD                          BIRNBAUM

1      Q.    Isn't it true that Dabir International
2  used the name Guggenheim on this letterhead to
3  deceive consumers?
4      A.    I omit the Fifth.
5      Q.    Isn't it true that Dabir International
6  used the name Guggenheim on this letterhead in
7  order to defraud consumers?
8      A.    I omit the Fifth.
9      Q.    Isn't it true that Dabir International
10 has used the name David B. Guggenheim on this
11 letterhead in an intent to trade off the good
12 will belonging to my clients Guggenheim Partners
13 and Guggenheim Capital?
14     A.    I omit the Fifth.
15     Q.    Mr. Birnbaum, is Dabir International
16 aware of any companies that are doing business
17 under a name containing the word "Guggenheim"?
18     A.    I omit the Fifth.
19     Q.    Is Dabir International aware of my
20 clients Guggenheim Capital and Guggenheim
21 Partners?
22     A.    I omit the Fifth.
23     Q.    Isn't it true, sir, that Dabir
24 International is well aware of my clients
25 Guggenheim Partners and Guggenheim Capital?

                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

13F3GUGD                          BIRNBAUM

1          A.    I omit the Fifth.
2          Q.    Mr. Birnbaum, the name Guggenheim has
3    been a well-known name in the United States for
4    financial services since before 1950, isn't that
5    correct?
6          A.    I omit the Fifth.
7          Q.    Isn't it correct that the name
8    Guggenheim has been a well-known name in the
9    United States for financial services after 1950?
10         A.    I omit the Fifth.
11         Q.    Isn't it true that the name Guggenheim
12   is famous in the United States for financial
13   services?
14         A.    I omit the Fifth.
15         Q.    Isn't it true, sir, that Dabir
16   International has no right to use the name
17   Guggenheim?
18         A.    I omit the Fifth.
19         Q.    Mr. Birnbaum, I'm going to direct your
20   attention back to Exhibit Number 1, which is
21   plaintiffs' notice of deposition to Dabir
22   International.  And I'm looking at deposition
23   topic number 17.  Have you read deposition topic
24   number 17, sir?
25         A.    I omit the Fifth.

```
     13F3GUGD                  BIRNBAUM
 1        Q.     You can't tell me whether or not, sir,
 2   that you've read deposition topic number 17?
 3        A.     I omit the Fifth.
 4        Q.     Isn't it true, sir, that you have in
 5   fact read deposition topic number 17?
 6        A.     I omit the Fifth.
 7        Q.     Deposition topic number 17 asks for
 8   testimony concerning defendant's knowledge of
 9   plaintiffs, plaintiffs' products and services,
10   and plaintiffs' Guggenheim marks, including the
11   date on which defendant first learned of
12   plaintiffs' Guggenheim marks and circumstances
13   of how defendant acquired that knowledge.
14             Mr. Birnbaum, did you prepare to
15   testify on this topic today?
16        A.     I omit the Fifth.
17        Q.     Did you speak with anyone in
18   preparation for preparing to speak on this topic
19   today?
20        A.     I omit the Fifth.
21        Q.     Did you review any documents in
22   preparation to testify on this topic today?
23        A.     I omit the Fifth.
24        Q.     Mr. Birnbaum, who can testify as to
25   deposition topic number 17 besides yourself?
```

13F3GUGD                    BIRNBAUM

1        A.    I omit the Fifth.
2        Q.    Isn't it true, Mr. Birnbaum, that
3   Dabir International has done nothing to prepare
4   to testify on topic number 17 today?
5        A.    I omit the Fifth.
6        Q.    Isn't it true, sir, that Dabir
7   International has not made any efforts to
8   educate any person about deposition topic number
9   17?
10       A.    I omit the Fifth.
11       Q.    Mr. Birnbaum, isn't it true that Dabir
12  International is involved in purchasing crude
13  oil?
14       A.    I omit the Fifth.
15       Q.    Mr. Birnbaum, I'm now going to give
16  you what has been marked as Exhibit 7 to your
17  deposition.  This document is an e-mail that
18  attaches a letter.
19              (Exhibit 7 marked)
20       Q.    Have you seen these documents before,
21  sir?
22       A.    I omit the Fifth.
23       Q.    The second page of this exhibit is a
24  letter on letterhead for Dabir International
25  Limited, New York, New York, U.S.A.  The letter
                   SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

13F3GUGD                    BIRNBAUM
1      is dated September 4, 2010.  Do you see this
2      information on the document, sir?
3              A.    I omit the Fifth.
4              Q.    This document is addressed to
5      Petrobras.  Do you see that, sir?
6              A.    I omit the Fifth.
7              Q.    The document also states that it is
8      submitted through a Mr. Stanley Adwell.  Who is
9      Mr. Stanley Adwell, sir?
10             A.    I omit the Fifth.
11             Q.    This letter expresses Dabir
12     International's desire to purchase crude oil.
13     Is this correct, sir?
14             A.    I omit the Fifth.
15             Q.    This letter states that Dabir
16     International owns the majority of several China
17     national petroleum refineries with the Chinese
18     government.  Is that true, sir?
19             A.    I omit the Fifth.
20             Q.    This letter requests that the
21     recipient send proof of product to a
22     Mr. Vladimir Z. Guggenheim and a Mr. David B.
23     Guggenheim.  Do you see that part of the letter,
24     sir?
25             A.    I omit the Fifth.

                        SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

42

13F3GUGD                          BIRNBAUM
1          Q.      Did you send this letter to anybody,
2     sir?
3          A.      I omit the Fifth.
4          Q.      Did you direct anybody to prepare this
5     letter?
6          A.      I omit the Fifth.
7          Q.      This letter is signed by a Lady
8     Catarina Pietra Toumei.  Do you see that part of
9     the document, sir?
10         A.      I omit the Fifth.
11         Q.      Isn't it true that you directed --
12    excuse me.  Isn't it true that Dabir
13    International directed Lady Catarina Pietra
14    Toumei to prepare this letter?
15         A.      I omit the Fifth.
16         Q.      This letter states that Ms. Toumei is
17    the legal representative for Mr. Vladimir Z.
18    Guggenheim.  Do you see that part of the
19    document, sir?
20         A.      I omit the Fifth.
21         Q.      Is Ms. Toumei in fact a legal
22    representative for Mr. Vladimir Z. Guggenheim?
23         A.      I omit the Fifth.
24         Q.      Is Ms. Toumei a legal representative
25    for Dabir International, sir?

13F3GUGD                    BIRNBAUM

1    A.    I omit the Fifth.
2    Q.    Does Dabir have a legal
3  representative?
4    A.    I omit the Fifth.
5    Q.    Who is Mr. Stanley Adwell, sir?
6    A.    I omit the Fifth.
7    Q.    The first page of this exhibit, the
8  e-mail that forwards the letter we've been
9  discussing, is dated September 4, 2010.  It is
10  from LadyCatarinaPietra@Gmail.com to an
11  sadwell@ESI-international.com.  Do you see that
12  part of the document, sir?
13    A.    I omit the Fifth.
14    Q.    Ms. Toumei writes:  Stanley, please
15  see attached letter of intent for you to forward
16  to the vice chairman of Petrobras.  Best
17  regards, Catarina.
18          Do you see that part of the document,
19  sir?
20    A.    I omit the Fifth.
21    Q.    Did you direct Ms. Toumei to send --
22    A.    I omit the Fifth.
23    Q.    Excuse me.  Did Dabir International
24  direct Ms. Catarina Toumei to send this e-mail
25  and letter to --

44

```
     13F3GUGD                    BIRNBAUM
 1          A.     I omit the Fifth.
 2          Q.     -- to Mr. Stanley Adwell?
 3          A.     I omit the Fifth.
 4          Q.     Isn't it true that Dabir International
 5     directed Ms. Toumei to send this e-mail and
 6     letter to Mr. Stanley Adwell?
 7          A.     I omit the Fifth.
 8          Q.     Mr. Birnbaum, looking back at the
 9     letter which is page two of this exhibit, how
10     many times is the word "Guggenheim" mentioned?
11          A.     I omit the Fifth.
12          Q.     Isn't it true, sir, that the term
13     "Guggenheim" is used at least three times in
14     this letter?
15          A.     I omit the Fifth.
16          Q.     Mr. Birnbaum, did Dabir International
17     ever purchase any oil from Petrobras?
18          A.     I omit the Fifth.
19          Q.     Did Dabir International ever sell any
20     oil to Petrobras?
21          A.     I omit the Fifth.
22          Q.     Did Dabir International ever receive
23     any proof of product as a result of this letter?
24          A.     I omit the Fifth.
25          Q.     Mr. Birnbaum, the September 4 letter
```

13F3GUGD                       BIRNBAUM

1    on Dabir International Limited letterhead lists
2    an e-mail address cpcount@AOL.com for the
3    recipient to send documents to.  Do you see this
4    part of the document, sir?
5           A.    I -- I invoke the Fifth.
6                 MR. MANEVITZ:  I'm sorry?
7                 THE WITNESS:  I invoke the Fifth
8    Amendment.
9                 MR. MANEVITZ:  I think we're done with
10   the tape.
11                MR. SHANAHAN:  Off the record.
12                THE VIDEOGRAPHER:  This ends tape
13   number one.  We're off the record at 11:53.
14                (Discussion off the record)
15                (Recess)
16                THE VIDEOGRAPHER:  This begins tape
17   number two in the 30(b)(6) deposition of David
18   Birnbaum for Dabir International.  We're on the
19   record at 12:10.
20                MR. SHANAHAN:  Mr. Manevitz, before my
21   colleague begins questioning Mr. Birnbaum again,
22   just a couple of objections for the record with
23   respect to the witness's performance.
24                In the first event we believe the
25   witness is over invoking his Fifth Amendment
                    SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

13F3GUGD                      BIRNBAUM

1   privilege, especially in light of the 30(b)(6)
2   nature of this deposition.  We believe that it is
3   improper that no witness has been produced who can
4   testify on behalf of Dabir, and that plaintiffs
5   are entitled to Dabir's testimony.
6            Because the defendant knew that he was
7   going to take the Fifth Amendment, they had an
8   obligation to designate a different witness who
9   did not have any criminal liability so we could
10  explore some of the corporate issues that are
11  relevant and germane to the civil aspect of this
12  case.  And I just want to let you know on the
13  record that unless his performance improves a
14  little bit in that regard, that we are going to
15  file a motion to compel to seek to have his
16  deposition reopened.  Counsel for Guggenheim
17  continues to travel up from Washington, D.C.  We
18  would probably want to have that next deposition,
19  should the Court order it to be reopened, to occur
20  in Washington, D.C.  As well as seeking attorneys'
21  fees and/or sanctions as is applicable or we feel
22  is justified.  Thank you.
23  BY MS. WEEKS:
24       Q.    Mr. Birnbaum, I'm now going to give
25  what has been marked Exhibit 8 to your
                     SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

```
        13F3GUGD                    BIRNBAUM
 1      deposition.
 2                  (Exhibit 8 marked)
 3          Q.      Excuse me.  To the deposition of Dabir
 4      International.
 5                  MS. WEEKS:  Counsel, I'm sorry, I
 6      don't have an extra copy, but it is the second
 7      amended complaint and all the exhibits.
 8          Q.     Mr. Birnbaum, the document I just
 9      handed you is the second amended complaint that
10      has been filed in this action.  Do you recognize
11      this document?
12          A.      I invoke my Fifth Amendment.
13          Q.      Have you ever seen this document
14      before?
15          A.      I invoke my Fifth Amendment.
16          Q.      Have you reviewed the contents of this
17      document?
18          A.      I invoke my Fifth Amendment.
19          Q.      Did you review this document with your
20      attorney?
21          A.      I invoke my Fifth Amendment.
22          Q.      Did you review this document with any
23      person?
24          A.      I invoke my Fifth Amendment.
25          Q.      Mr. Birnbaum, on page three of this
                    SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300
```

13F3GUGD                    BIRNBAUM
1    exhibit, the second amended complaint, paragraph
2    11 at the bottom, it reads:  Defendant Dabir
3    International Limited is a Delaware limited
4    liability company located at 525 Ocean Parkway,
5    Brooklyn, New York 11218.  Do you see that part
6    of the document, sir?
7         A.    I invoke my Fifth Amendment.
8         Q.    Is that a correct statement about
9    Dabir International's address, sir?
10        A.    I invoke my Fifth Amendment.
11              MR. MANEVITZ:  What paragraph?
12              MS. WEEKS:  11.
13              MR. MANEVITZ:  Thank you.
14        Q.    Sir, on page four of this document,
15   continuing in paragraph 11 at the end of the
16   paragraph, the second amended complaint alleges
17   that defendant Dabir International is the alter
18   ego of defendant Birnbaum, and that defendant
19   Birnbaum personally and solely owns, controls,
20   directs, authorizes and operates defendant Dabir
21   International.
22              Is that a correct statement, sir?
23        A.    I invoke my Fifth Amendment.
24        Q.    With respect to this entire document,
25   sir, does Dabir International dispute any of the
                  SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

13F3GUGD                         BIRNBAUM

1    allegations contained in it?
2          A.    I invoke my Fifth Amendment.
3          Q.    Isn't it true, sir, that Dabir
4    International has participated in a scheme with
5    the other defendants named in this case to
6    defraud consumers using Guggenheim marks?
7          A.    I invoke my Fifth Amendment.
8          Q.    Mr. Birnbaum, directing your attention
9    to page 11 of the second amended complaint,
10   starting at paragraph 34, do you see that
11   portion of the document, sir?
12         A.    I invoke my Fifth Amendment.
13         Q.    Isn't it true, sir, defendant Dabir
14   International has used the Guggenheim marks to
15   defraud consumers with respect to alleged
16   purchases of crude oil?
17         A.    I invoke my Fifth Amendment.
18         Q.    Isn't it true, sir, that all of the
19   allegations contained in paragraphs 34 to 39 of
20   the second amended complaint are true?
21         A.    I invoke my Fifth Amendment.
22         Q.    Mr. Birnbaum, directing your attention
23   to page 13 of the second amended complaint
24   beginning at paragraph 40.  Do you see that
25   section of the document, sir?

50

13F3GUGD                           BIRNBAUM

1        A.    I invoke my Fifth Amendment.
2        Q.    Mr. Birnbaum, has Dabir International
3    been involved with the purchase of gold under
4    the name Guggenheim?
5        A.    I invoke my Fifth Amendment.
6        Q.    Isn't true, sir, that Dabir
7    International has participated with the other
8    named defendants in this action in a fraudulent
9    scheme to defraud consumers concerning the
10   purchase of gold?
11       A.    I invoke my Fifth Amendment.
12       Q.    Isn't it true, sir, that all the
13   allegations contained in paragraphs 40 to 42 of
14   the second amended complaint are true?
15       A.    I invoke my Fifth Amendment.
16       Q.    Mr. Birnbaum, has Dabir International
17   contacted the Coca-Cola Company?
18       A.    I invoke my Fifth Amendment.
19       Q.    Isn't it true, sir, that Dabir
20   International has contacted the Coca-Cola
21   Company falsely claiming to be connected to my
22   clients Guggenheim Partners and Guggenheim
23   Capital?
24       A.    I invoke my Fifth Amendment.
25       Q.    Mr. Birnbaum, directing your attention

51

13F3GUGD                          BIRNBAUM

```
 1        to page 15 of the second amended complaint,
 2        beginning at paragraph 47, is Dabir
 3        International involved in the sale of bank
 4        guarantees?
 5              A.    I invoke my Fifth Amendment.
 6              Q.    Isn't it true, sir, that Dabir
 7        International has participated with the other
 8        named defendants in this case using the term
 9        "Guggenheim" to sell bank guarantees?
10              A.    I invoke my Fifth Amendment.
11              Q.    Isn't it true, sir, that Dabir
12        International has used the term "Guggenheim
13        Fund" in connection with attempted sales of bank
14        guarantees?
15              A.    I invoke my Fifth Amendment.
16              Q.    Isn't it true, sir, that Dabir
17        International has used the term "Guggenheim
18        Bank" in connection with the proposed sale of
19        bank guarantees?
20              A.    I invoke my Fifth Amendment.
21              Q.    Isn't it true, sir, that Dabir
22        International has used the term "Guggenheim
23        Trust" in connection with the alleged sale of
24        bank guarantees?
25              A.    I invoke my Fifth Amendment.
```

13F3GUGD                         BIRNBAUM

```
 1          Q.    Mr. Birnbaum, is it Dabir
 2   International's position that anything contained
 3   in paragraphs 47 through 56 of the second
 4   amended complaint is incorrect?
 5          A.    I invoke my Fifth Amendment.
 6          Q.    Isn't it true that plaintiffs'
 7   allegations contained in paragraphs 47 to 56
 8   concerning bank guarantees the defendants have
 9   offered using the name Guggenheim are in fact
10   correct?
11          A.    I invoke my Fifth Amendment.
12          Q.    Is Dabir International involved in the
13   sale of diamonds, sir?
14          A.    I invoke my Fifth Amendment.
15          Q.    Isn't it true, sir, that Dabir
16   International has used the term "Guggenheim" in
17   connection with the attempted sale of diamonds?
18          A.    I invoke my Fifth Amendment.
19          Q.    Isn't it true, sir, that Dabir
20   International has used the term "Guggenheim
21   Fund" in relation to attempted sales of
22   diamonds?
23          A.    I invoke my Fifth Amendment.
24          Q.    Mr. Birnbaum, directing your attention
25   to paragraphs 57 through 68 of the second
```

13F3GUGD                    BIRNBAUM

1   amended complaint beginning on page 18 going to
2   page 21.  Do you see that section of the second
3   amended complaint, sir?
4        A.    I invoke my Fifth Amendment.
5        Q.    Isn't it true that Dabir International
6   participated in a scheme with the other named
7   defendants in this case as alleged in those
8   paragraphs towards the sale of diamonds under
9   the term "Guggenheim"?
10       A.    I invoke my Fifth Amendment.
11       Q.    Mr. Birnbaum, has Dabir International
12  ever contacted Mr. Rupert Murdoch?
13       A.    I invoke my Fifth Amendment.
14       Q.    Has Dabir International ever
15  instructed any person to contact Mr. Rupert
16  Murdoch on Dabir's behalf?
17       A.    I invoke my Fifth Amendment.
18       Q.    Sir, I'm now going to give you what
19  has been marked Exhibit 9 to Dabir's deposition.
20            (Exhibit 9 marked)
21       Q.    This document is also Exhibit Number
22  23 to plaintiffs' second amended complaint.  Do
23  you recognize this document, sir?
24       A.    I invoke my Fifth Amendment.
25       Q.    Sir, this document is an e-mail dated
                SOUTHERN DISTRICT REPORTERS, P.C.
                     (212) 805-0300

13F3GUGD                           BIRNBAUM

1   September 20, 2010, sent by a Lady Catarina with
2   the e-mail address cpcount@AOL.com.  Is Dabir
3   International familiar with that e-mail address,
4   sir?
5          A.     I invoke my Fifth Amendment.
6          Q.     This e-mail was sent to an Angela
7   Weissert, W-e-i-s-s-e-r-t, for a Mr. Siskind and
8   a Mr. Murdoch.  Do you see that portion of the
9   document, sir?
10         A.     I invoke my Fifth Amendment.
11         Q.     The first sentence of the e-mail
12  states that Mr. David B. Guggenheim and
13  Mr. Vladimir Z. Guggenheim are interested in
14  speaking with you privately and confidentially
15  to discuss investing their money into your
16  companies or other possible ventures such as
17  telecommunications, new technologies and
18  financial instruments.
19         Do you see that part of the document,
20  sir?
21         A.     I invoke my Fifth Amendment.
22         Q.     Did you prepare this letter, sir?
23         A.     I invoke my Fifth Amendment.
24         Q.     Did you instruct Ms. Toumei to prepare
25  this letter?

                      SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300

```
     13F3GUGD                    BIRNBAUM
 1          A.    I invoke my Fifth Amendment.
 2          Q.    The second paragraph of this e-mail,
 3     sir, states that Mr. David B. Guggenheim and
 4     Mr. Vladimir Z. Guggenheim own and run the
 5     Guggenheim Foundation, the privately held
 6     Guggenheim Bank, Guggenheim Fund, and Dabir
 7     International Limited.
 8              Do you see that portion of the e-mail,
 9     sir?
10          A.    I invoke my Fifth Amendment.
11          Q.    Is the reference to Mr. David B.
12     Guggenheim a reference to yourself, sir?
13          A.    I invoke my Fifth Amendment.
14          Q.    Is Dabir International Limited owned
15     by David B. Guggenheim?
16          A.    I invoke my Fifth Amendment.
17          Q.    Is Dabir International Limited owned
18     by Mr. Vladimir Z. Guggenheim?
19          A.    I invoke my Fifth Amendment.
20          Q.    Isn't it true, sir, that Dabir
21     International is not in any way affiliated with
22     the Guggenheim Foundation?
23          A.    I invoke my Fifth Amendment.
24          Q.    Isn't it true, sir, that Dabir
25     International is not connected with the
```

13F3GUGD                         BIRNBAUM

1    Guggenheim Bank?
2         A.    I invoke my Fifth Amendment.
3         Q.    Isn't it true, sir, that Dabir
4    International is not connected with the
5    Guggenheim Fund?
6         A.    I invoke my Fifth Amendment.
7         Q.    Isn't it true, sir, that the
8    Guggenheim Bank and the Guggenheim Fund do not
9    exist?
10        A.    I invoke my Fifth Amendment.
11        Q.    Mr. Birnbaum, what is your
12   understanding of Ms. Toumei's intent in
13   preparing this letter and referencing Dabir
14   International?
15        A.    I invoke my Fifth Amendment.
16        Q.    Was Ms. Toumei attempting to solicit
17   investment on behalf of Dabir International?
18        A.    I invoke my Fifth Amendment.
19        Q.    Isn't it true, sir, that Dabir
20   International attempted to solicit investments
21   from these people using Guggenheim formative
22   names in order to trade on the good will of my
23   clients?
24        A.    I invoke my Fifth Amendment.
25        Q.    Is that funny to you, sir?  Is it
                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

13F3GUGD                    BIRNBAUM
1     funny to you?
2          A.    I invoke my Fifth Amendment.
3          Q.    You don't want to tell me why that's
4     funny?
5          A.    I invoke my Fifth Amendment.
6          Q.    Mr. Birnbaum, does Dabir International
7     own any trademarks?
8          A.    I invoke my Fifth Amendment.
9          Q.    Does Dabir International have a
10    well-known reputation in the financial services
11    industry?
12         A.    I invoke my Fifth Amendment.
13         Q.    Isn't it true, sir, that Dabir
14    International has no reputation whatsoever in
15    the financial services industry?
16         A.    I invoke my Fifth Amendment.
17         Q.    Does Dabir International have any good
18    will with respect to consumers?
19         A.    I invoke my Fifth Amendment.
20         Q.    Isn't true, sir, that Dabir
21    International has no good will with respect to
22    consumers?
23         A.    I invoke my Fifth Amendment.
24         Q.    Mr. Birnbaum, isn't it true that Dabir
25    International has engaged with the other named
                SOUTHERN DISTRICT REPORTERS, P.C.
                       (212) 805-0300

13F3GUGD                        BIRNBAUM

1     defendants in this case collectively and in all
2     of the conduct alleged in plaintiffs' second
3     amended complaint?
4          A.    I invoke my Fifth Amendment.
5          Q.    Mr. Birnbaum, is Dabir International
6     involved in the sale or purchase of artwork?
7          A.    I invoke my Fifth Amendment.
8          Q.    Does Dabir International own any
9     specific fine paintings?
10          A.    I invoke my Fifth Amendment.
11          Q.    Mr. Birnbaum, I'm going to give you
12     what has been marked as Exhibit 10 to your
13     deposition.
14               (Exhibit 10 marked)
15          Q.    This is a letter on Dabir
16     International Limited letterhead.  Have you seen
17     this document before, sir?
18          A.    I invoke my Fifth Amendment.
19               MS. WEEKS:  I'm looking for another
20     copy for you, Mr. Manevitz, I know I have one.
21               MR. MANEVITZ:  Can I just see his copy
22     for a minute?
23               MS. WEEKS:  Sure.  Here you go.
24               MR. MANEVITZ:  What exhibit is this?
25               MS. WEEKS:  10.

```
      13F3GUGD                    BIRNBAUM
 1                 MR. MANEVITZ:  Thanks.
 2           Q.    Mr. Birnbaum, have you seen this
 3      document before?
 4           A.    I omit the Fifth.
 5           Q.    Mr. Birnbaum --
 6           A.    I invoke.
 7           Q.    Did you prepare this document?
 8           A.    I invoke my Fifth Amendment.
 9           Q.    Did you direct someone to prepare this
10      document?
11           A.    I invoke my Fifth Amendment.
12           Q.    This document is a letter dated
13      September 8, 2010, to a Mr. Carlos Slim through
14      a Mr. Michel Youssef, Y-o-u-s-s-e-f.  Looks like
15      copies also went to a Mr. Andre Lahoud and
16      Mr. Theodor Pardo.  And this letter is signed by
17      a Mr. Vladimir Z. Guggenheim.  At the bottom of
18      this letter there is a CC to Mr. David B.
19      Guggenheim, chairman.
20                 Have you ever received a copy of this
21      letter, sir?
22           A.    I invoke my Fifth Amendment.
23           Q.    Mr. Birnbaum, this letter offers a
24      series of oil paintings for sale to a Mr. Carlos
25      Slim on behalf of Dabir International Limited.
```

13F3GUGD                         BIRNBAUM
1   Has Dabir International offered oil paintings
2   for sale, sir?
3         A.    I invoke my Fifth Amendment.
4         Q.    This letter states that the oil
5   paintings come from the private collection of
6   the Guggenheims.  Do you see that portion of the
7   letter, sir?
8         A.    I invoke my Fifth Amendment.
9         Q.    Does Dabir International Limited own
10  any paintings from the private collection of the
11  Guggenheims, sir?
12        A.    I invoke my Fifth Amendment.
13        Q.    Isn't it true that Dabir International
14  does not own any paintings that are from the
15  private collection of the Guggenheims?
16        A.    I invoke my Fifth Amendment.
17        Q.    Isn't it true, sir, that Dabir
18  International referenced Guggenheim in this
19  letter in order to capture the interest of
20  potential investors?
21        A.    I invoke my Fifth Amendment.
22        Q.    Mr. Birnbaum, the first sentence of
23  this letter states, after Dear Mr. Slim, it
24  states:  It is with high regard that we would
25  like to offer you a series of oil paintings by
                  SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

13F3GUGD                    BIRNBAUM

1    Francisco Jose de Goya y Lucientes, available
2    for purchase from the private collection of the
3    Guggenheims.  "The Sacred Heart of Jesus," an
4    oil on canvas by Goya, depicts Jesus holding a
5    heart and surrounded by angels above him and
6    below.
7              Do you see that part of the document,
8    sir?
9         A.    I invoke my Fifth Amendment.
10        Q.    Do you know anything about a painting
11   titled "The Sacred Heart of Jesus"?
12        A.    I invoke my Fifth Amendment.
13        Q.    Mr. Birnbaum, I'm now going to give
14   you a document that has been marked Exhibit 11
15   to Dabir's deposition.
16             (Exhibit 11 marked)
17        Q.    This document is a letter on
18   letterhead for the Guggenheim Fund, New York,
19   New York Division.  Have you seen this letter
20   before, sir?
21        A.    I invoke my Fifth Amendment.
22        Q.    This letter is dated September 7.  It
23   is addressed to a Mr. Carlos Slim through a
24   Mr. Michel Youssef.  Did you prepare this
25   letter, sir?

```
     13F3GUGD              BIRNBAUM
 1        A.    I invoke my Fifth Amendment.
 2        Q.    The letter is signed by a Mr. Vladimir
 3   Z. Guggenheim and there is a CC to Mr. David B.
 4   Guggenheim, chairman.  Did you receive a CC of
 5   this letter, sir?
 6        A.    I invoke my Fifth Amendment.
 7        Q.    Mr. Birnbaum, comparing what has been
 8   marked as Exhibits 10 and 11 to Dabir
 9   International's deposition, do you see any
10   differences between the two letters?
11        A.    I invoke my Fifth Amendment.
12        Q.    Isn't it true that both letters offer
13   for sale a series of oil paintings by Francisco
14   Jose de Goya y Lucientes?
15        A.    I invoke my Fifth Amendment.
16        Q.    Isn't it true that both letters
17   purport to offer oil paintings for sale from the
18   private collection of the Guggenheims?
19        A.    I invoke my Fifth Amendment.
20        Q.    Mr. Birnbaum, the first sentence of
21   the letter that has been marked as Exhibit 11
22   reads:  It is with high regard that we would
23   like to offer you "The Sacred Heart of Jesus,"
24   an oil on canvas by Francisco Jose de Goya y
25   Lucientes, available for purchase from the
                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
```

13F3GUGD                    BIRNBAUM

```
 1   private collection of the Guggenheims.
 2              Do you see that sentence, sir?
 3        A.    I invoke my Fifth Amendment.
 4        Q.    Isn't the first sentence of the letter
 5   marked as Exhibit 11 identical to the first
 6   sentence of the letter marked as Exhibit 10?
 7        A.    I invoke my Fifth Amendment.
 8        Q.    Mr. Birnbaum, how were Dabir
 9   International Limited and the Guggenheim Fund
10   offering the same painting, "The Sacred Heart of
11   Jesus" for sale?
12        A.    I invoke my Fifth Amendment.
13        Q.    Are there more than one of these
14   paintings?
15        A.    I invoke my Fifth Amendment.
16        Q.    Isn't it true, sir, that Dabir
17   International Limited and the Guggenheim Fund
18   are both instruments you use in order to defraud
19   consumers?
20        A.    I invoke my Fifth Amendment.
21        Q.    Mr. Birnbaum, who is Mr. Carlos Slim?
22        A.    I invoke my Fifth Amendment.
23        Q.    Isn't it true that Dabir International
24   has attempted to enter into business
25   transactions with Mr. Carlos Slim?
```

64

```
 1         A.    I invoke my Fifth Amendment.
 2         Q.    Isn't it true that Dabir International
 3    Limited has used the term "Guggenheim" in
 4    efforts to enter into business with Mr. Carlos
 5    Slim?
 6         A.    I invoke my Fifth Amendment.
 7         Q.    Isn't it true, Mr. Birnbaum, that
 8    Dabir International has used the term
 9    "Guggenheim" in order to trade on the good will
10    of my clients to enter in transactions with
11    Mr. Carlos Slim?
12         A.    I invoke my Fifth Amendment.
13         Q.    Mr. Birnbaum, does Vladimir Z.
14    Guggenheim work for Dabir International Limited?
15         A.    I invoke my Fifth Amendment.
16         Q.    Isn't it true, sir, that Mr. Vladimir
17    Z. Guggenheim in fact references defendant
18    Vladimir Zuravel?
19         A.    I invoke my Fifth Amendment.
20         Q.    Isn't it true that defendant Zuravel
21    works for Dabir International Limited?
22         A.    I invoke my Fifth Amendment.
23         Q.    Isn't it true, sir, that Dabir
24    International has used the term "Guggenheim" to
25    attempt to sell gold?
```

```
       13F3GUGD                 BIRNBAUM
 1            A.     I invoke my Fifth Amendment.
 2            Q.     Sir, I'm going to give you a document
 3     that has been marked exhibit 12 to Dabir's
 4     deposition.  Can you please review it and tell
 5     me if you recognize this document.
 6                   (Exhibit 12 marked)
 7            A.     I invoke my Fifth Amendment.
 8            Q.     The document marked as Exhibit 12 to
 9     Dabir's deposition is an e-mail dated
10     September 7, 2010, sent from
11     LadyCatarinaPietra@Gmail.com to a Robert van
12     Riper.  The subject is World Gold Association.
13     Do you see those portions of the document, sir?
14            A.     I invoke my Fifth Amendment.
15            Q.     Did you direct Ms. Toumei to send this
16     document, sir?
17            A.     I invoke my Fifth Amendment.
18            Q.     The second sentence in the e-mail from
19     Ms. Toumei at the top of the page, sir, it says:
20     They will be buying from Dabir International
21     Limited.  "They" is a reference to the
22     Guggenheims which is stated in sentence one.
23                   Do you see that portion of the
24     document, sir?
25            A.     I invoke my Fifth Amendment.
                     SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300
```

```
     13F3GUGD              BIRNBAUM
 1        Q.     Have any companies purchased gold from
 2   Dabir International Limited?
 3        A.     I invoke my Fifth Amendment.
 4        Q.     Have any individuals purchased gold
 5   from Dabir International limited?
 6        A.     I invoke my Fifth Amendment.
 7        Q.     Sir, this e-mail requests the
 8   recipient to bring SKRs and certificates of
 9   hallmarks, to e-mail them to a Mr. Guggenheim.
10   Do you see that portion of the document, sir?
11        A.     I invoke my Fifth Amendment.
12        Q.     Does the reference to Mr. Guggenheim
13   refer to Mr. David B. Guggenheim, chairman of
14   Dabir International Limited?
15        A.     I invoke my Fifth Amendment.
16        Q.     Isn't it true, sir, that Dabir
17   International Limited prepared this e-mail using
18   the term "Guggenheim" in order to induce
19   consumers into believing that Dabir
20   International is related to my clients?
21        A.     I invoke my Fifth Amendment.
22        Q.     Isn't it true, sir, that defendant
23   Catarina Toumei was authorized by Dabir
24   International Limited to use the term
25   "Guggenheim" in order to induce consumers into
```

13F3GUGD                    BIRNBAUM

1    gold transactions?
2         A.    I invoke my Fifth Amendment.
3         Q.    Mr. Birnbaum, has Dabir International
4    directed defendant Toumei to use the term
5    "Guggenheim" in order to enter transactions for
6    Dabir International with respect to oil?
7         A.    I invoke my Fifth Amendment.
8         Q.    Isn't it true, sir, that Dabir
9    International has in fact directed Ms. Toumei to
10   use the term "Guggenheim" in attempts to enter
11   transactions for Dabir concerning oil?
12        A.    I invoke my Fifth Amendment.
13        Q.    Mr. Birnbaum, I'm going to give you a
14   document that has been marked Exhibit 13 to
15   Dabir's deposition.
16             (Exhibit 13 marked)
17        Q.    It is an eight-page e-mail chain.
18   Have you seen any of these e-mails before, sir?
19        A.    I invoke my Fifth Amendment.
20        Q.    Did you authorize Ms. Toumei to send
21   any of the e-mails that are contained in this
22   exhibit, sir?
23        A.    I invoke my Fifth Amendment.
24        Q.    Directing your attention to page six
25   of this document, sir.  There is a bolded
                   SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

13F3GUGD                         BIRNBAUM

```
 1   portion that is also underlined after the number
 2   one.  This reads:  BRL Trust and Stanley Adwell
 3   with the Guggenheims/Dabir International/China
 4   National Petroleum Corporation (parent of Petro
 5   China Company) and Lady Catarina Pietra Toumei.
 6   Do you see that portion of the document, sir?
 7        A.    I invoke my Fifth Amendment.
 8        Q.    Do you know what that portion of the
 9   document refers to?
10        A.    I invoke my Fifth Amendment.
11        Q.    Why is Dabir International mentioned
12   in the same sentence with the Guggenheims and
13   Lady Catarina Pietra Toumei?
14        A.    I invoke my Fifth Amendment.
15        Q.    Isn't it true that Dabir International
16   is mentioned on the portion I directed you to as
17   part of a scheme to defraud consumers using the
18   Guggenheim marks towards the purchase of oil?
19        A.    I invoke my Fifth Amendment.
20        Q.    Mr. Birnbaum, has Dabir International
21   entered into any contracts with any company
22   named Guggenheim?
23        A.    I invoke my Fifth Amendment.
24        Q.    Has Dabir International entered into
25   any contracts with any individual with the name
```

```
     13F3GUGD                    BIRNBAUM
 1   of Guggenheim?
 2        A.    I invoke my Fifth Amendment.
 3        Q.    Has Dabir International entered into
 4   any contracts with defendant Lady Catarina
 5   Pietra Toumei?
 6        A.    I invoke my Fifth Amendment.
 7        Q.    Mr. Birnbaum, has Dabir International
 8   ever received any money from anybody?
 9        A.    I invoke my Fifth Amendment.
10        Q.    Has Dabir International ever received
11   assets from anybody?
12        A.    I invoke my Fifth Amendment.
13        Q.    Has Dabir International ever paid
14   money to anybody?
15        A.    I invoke my Fifth Amendment.
16        Q.    Has Dabir International ever
17   consummated any business transactions?
18        A.    I invoke my Fifth Amendment.
19        Q.    Has Dabir International incurred any
20   monthly bills?
21        A.    I invoke -- I invoke my Fifth
22   Amendment.
23        Q.    Does Dabir International have any
24   utility bills?
25        A.    I invoke my Fifth Amendment.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300
```

13F3GUGD                    BIRNBAUM

1          Q.     Does Dabir International pay for
2     Internet service?
3          A.     I invoke my Fifth Amendment.
4          Q.     Does Dabir International pay for phone
5     service?
6          A.     I invoke my Fifth Amendment.
7          Q.     Does Dabir International pay for
8     mailing or postage expenses?
9          A.     I invoke my Fifth Amendment.
10         Q.     Does Dabir International own any real
11    estate, sir?
12         A.     I invoke my Fifth Amendment.
13         Q.     Does Dabir International own any bank
14    accounts?
15         A.     I invoke my Fifth Amendment.
16         Q.     Does Dabir International own any
17    investment accounts?
18         A.     I invoke my Fifth Amendment.
19         Q.     Has Dabir International ever been a
20    party to a lawsuit?
21         A.     I invoke my Fifth Amendment.
22         Q.     Does Dabir International have an
23    accountant?
24         A.     I invoke my Fifth Amendment.
25         Q.     Who does Dabir International use to
                  SOUTHERN DISTRICT REPORTERS, P.C.
                       (212) 805-0300

```
13F3GUGD                    BIRNBAUM
```

1    prepare its taxes?
2        A.   I invoke my Fifth Amendment.
3        Q.   Mr. Birnbaum, directing your attention
4    again to the plaintiffs' second amended
5    complaint that has been marked as an exhibit for
6    you.  The large document.  There it is.  Exhibit
7    8.
8        Does Dabir International have any
9    defenses to the complaints contained in that
10   document?
11       Does Dabir dispute any claims in there
12   are untrue?
13       Does Dabir agree that everything
14   contained in Exhibit 8, which is plaintiffs'
15   second amended complaint, is true?
16       A.   I meet the Fifth.  I invoke the Fifth
17   Amendment.
18       Q.   What are Dabir International's
19   defenses to the claims in plaintiffs' second
20   amended complaint?
21       Mr. Birnbaum, in what has been marked
22   as Exhibit Number 1 to your deposition,
23   plaintiffs' 30(b)(6) deposition notice of
24   defendant Dabir International Limited, topic
25   number 30 requires Dabir International to

```
13F3GUGD                         BIRNBAUM
1    designate someone who can testify as to the
2    allegations set forth in plaintiffs' second
3    amended complaint in this action.   That deposition
4    topic is contained on page seven of Exhibit 1.
5              Do you see that portion of plaintiffs'
6    deposition notice of Dabir, sir?  Page seven.
7    Topic 30.
8         A.    I invoke the Fifth Amendment.
9         Q.    Mr. Birnbaum, did you do anything to
10   prepare to testify for Dabir with respect to
11   deposition topic number 30?
12        A.    I invoke my Fifth Amendment.
13        Q.    Did you speak with anyone in
14   preparation for Dabir to testify to topic 30?
15        A.    I invoke my Fifth Amendment.
16        Q.    Did you review any documents to
17   prepare to testify for Dabir?
18        A.    I invoke my Fifth Amendment.
19              MR. MANEVITZ:  You should let her
20   finish the question.
21        Q.    Mr. Birnbaum, what other person would
22   have information about plaintiffs' deposition
23   topic number 30 to Dabir International?
24        A.    I invoke my Fifth Amendment.
25        Q.    Mr. Birnbaum, did you attempt to find
```

13F3GUGD                        BIRNBAUM

1  anybody else besides yourself that would have
2  information about deposition topic number 30 for
3  Dabir International?
4        A.    I invoke my Fifth Amendment.
5        Q.    Mr. Birnbaum, did you make any effort
6  to educate any person about plaintiffs'
7  deposition topic number 30 in preparation to
8  testify for Dabir International?
9        A.    I invoke my Fifth Amendment.
10       Q.    Sir, did you make any effort at all to
11 prepare Dabir International to give information
12 concerning deposition topic number 30?
13       A.    I invoke my Fifth Amendment.
14       Q.    Isn't it true, sir, that Dabir
15 International's completely unprepared to testify
16 with respect to plaintiffs' deposition topic
17 number 30?
18       A.    I invoke my Fifth Amendment.
19       Q.    Mr. Birnbaum, I'm going to point you
20 again to Plaintiffs' Exhibit 1 for the
21 deposition of Dabir International Limited.  On
22 pages four through eight there is a list of 43
23 deposition topics for Dabir International.  Do
24 you see the list of 43 deposition topics?
25       A.    I invoke my Fifth Amendment.

                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300