**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GUGGENHEIM CAPITAL, LLC, AND
GUGGENHEIM PARTNERS, LLC,

                 Plaintiffs,

       v.

CATARINA PIETRA TOUMEI, A/K/A LADY
CATARINA PIETRA TOUMEI A/K/A
CATARINA FREDERICK; VLADIMIR
ZURAVEL A/K/A VLADIMIR
GUGGENHEIM A/K/A VLADIMIR Z.
GUGGENHEIM A/K/A VLADIMIR Z.
GUGGENHEIM BANK; DAVID BIRNBAUM
A/K/A DAVID B. GUGGENHEIM; ELI
PICHEL; THEODOR PARDO; DABIR
INTERNATIONAL, LLC AND JOHN DOES
1-10,

                 Defendants.

Civil Action No. 10-CV-8830-PGG

JURY TRIAL DEMANDED

## DECLARATION OF JOHN J. DABNEY, ESQ. IN SUPPORT OF PLAINTIFFS' PETITION FOR ATTORNEYS' FEES

I, John J. Dabney, hereby declare, affirm and state the following:

    1.   I am an attorney admitted to practice in the District of Columbia and admitted pro hac vice before this Court for this case. I am a partner with the law firm of McDermott Will & Emery LLP ("McDermott"), and am the attorney primarily responsible for representing Plaintiffs Guggenheim Capital, LLC and Guggenheim Partners, LLC ("Plaintiffs") in this action.

    2.   I submit this Declaration to document Plaintiffs' attorneys' fees and costs in prosecuting this action, as awarded by the Court's Orders of July 17, 2011. (Dkt. Nos. 102-103.) Pursuant to the Endorsed Letter dated July 18, 2011, the Court granted Plaintiffs an extension to

file a declaration and documentation concerning their requested attorneys' fees and costs, granted in those Orders, until August 5, 2011.  (*See* Dkt. No. 104.)

3.    This action involved multiple Defendants who were engaged in an international scheme to defraud investors out of millions and billions of dollars by claiming to be Plaintiffs. Defendants are being criminally prosecuted for their conduct.  This case involved very serious unlawful conduct – Defendants offering of massive and bogus financial deals to investors in Plaintiffs' name.

4.    Defendants failed to comply with virtually any of the Court's Orders, including the Temporary Restraining Order, the Preliminary Injunction Order, the Default Judgment Order, orders regarding discovery, instructions regarding the participation in depositions, and orders requiring the payment of costs and attorney's fees.  To this day, Defendant Toumei will not transfer the domain name **guggeinhemadvisors.org** to Plaintiffs.

5.    Defendants filed frivolous (or borderline frivolous) motions.  By way of limited example, Defendant Birnbaum and Defendant Dabir actually filed a **<u>Rule 12(b)(6)</u>** motion to dismiss each and every claim in this action for failure to state any claim upon which relief could be granted.  That motion was prepared and filed **<u>after</u>** a team of FBI agents had arrested Defendant Birnbaum in his home and he (along with several of his co-Defendants) were charged with federal felonies that could result in lengthy prison sentences based in large part on the illegal scheme that was alleged in Plaintiffs' Verified Complaint.

6.    The Court detailed the long history of Defendants contumacious and dilatory conduct in its Order earlier this week denying Mr. Birnbaum's request for reconsideration.  All of this imposed tremendous legal fees and costs on Plaintiffs.

- 2 -

7.      In connection with this action, McDermott attorneys performed the following tasks: pre-filing investigation concerning defendant's infringement and counterfeiting of Plaintiffs' GUGGENHEIM trademarks; analyzing intellectual property infringement and available remedies including injunctive relief and seizure; drafting a detailed and extensive Verified Complaint; preparing detailed evidence of defendants' infringement and supporting declarations for the Verified Complaint; drafting Plaintiffs' ex parte application and motion for temporary restraining order, seizure order, order restraining the transfer of assets, order authorizing expedited discovery; preparing Plaintiffs' motion for preliminary injunction including all supporting declarations and exhibits; arguing the hearing on Plaintiffs' motion for preliminary injunction; preparing multiple contempt motions against defendants for repeated failure to comply with Court's temporary restraining order and preliminary injunction; conducting factual investigations into Defendants' violations of the Preliminary Injunction Order; interviewing third parties in connection with that factual investigation; participating in oral argument on some of those motions; preparing for and conducting the depositions of defendants; analyzing and responding to motion to dismiss filed by defendants David Birnbaum ("Birnbaum") and Dabir International, LLC ("Dabir"); preparing motions for default judgment against defendants; arguing the hearing on Plaintiffs' motion for default judgment against defendants Birnbaum and Dabir.

8.      I am the principal attorney responsible for representing Plaintiffs in this matter. Other attorneys representing Plaintiffs in this matter from MWE were Robert Zelnick, Michael Shanahan, Rita Weeks, Alison Levin, and Katie Bukrinsky.

9.      I am a senior member of the firm's intellectual property litigation department and Chair of its Trademark Litigation practice group.  I graduated from University of Virginia School

of Law in 1996.  I am admitted to practice law in the District of Columbia.  I possess

approximately 15 years of experience in litigation intellectual property disputes, focusing on

trademarks and unfair competition.  I have served as lead trial counsel in numerous federal court

litigations involving intellectual property disputes.  I have been recognized as an leader in my

field as demonstrated by having been named among the top trademark litigators in the United

States in the 2007, 2008, 2010 and 2011 editions of *The Legal 500 United States*.  The other

attorneys and the paralegal identified below also performed services in this matter.

10.  Robert Zelnick is a senior member of the firm's intellectual property litigation

department.  Mr. Zelnick graduated from George Washington University National Law Center in

1990 and is admitted to practice law in Pennsylvania (inactive) and the District of Columbia.

Mr. Zelnick possesses substantial experience in the litigation intellectual property disputes,

focusing on trademarks and unfair competition.  Mr. Zelnick has been recognized as a leader in

his field as demonstrated by being honored in the 2001-2007 editions of the International Who's

Who of Trademark Lawyers (Law Business Research) and the 2007-2011 editions of *The Legal

500 United States.*

11.  Michael Shanahan is a senior intellectual property litigation partner at the firm and

graduated from New York Law School in 2000.  Mr. Shanahan is admitted to practice in New

York.  Mr. Shanahan possesses substantial experience in intellectual property disputes and

litigation, spanning over 11 years.

12.     Rita Weeks is a senior intellectual property litigation associate at the firm.  Ms.

Weeks earned her J.D. from Boston University School of Law in 2004, with a concentration in

Intellectual Property Law.  Ms. Weeks also earned her LL.M. (postgraduate law degree) in

Intellectual Property Law from New York University School of Law in 2006.  Ms. Weeks is

admitted to practice in California and the District of Columbia.  Ms. Weeks possess substantial experience in all manner of trademark disputes and litigation, spanning over 7 years.  Ms. Weeks regularly authors articles and other publications concerning complex trademark litigation issues.

13.     Alison Levin is a litigation associate at the firm and graduated from George Washington University Law School in 2005.  Ms. Levin is admitted to practice in the District of Columbia.  Ms. Levin possesses substantial experience in commercial litigation.  For the last few years Ms. Levin has represented clients in various intellectual property litigation matters, including trademark litigation.

14.     Katie Bukrinsky is a litigation associate at the firm and graduated from George Washington University Law School in 2008.  Ms. Bukrinsky is admitted to practice in the District of Columbia.  Ms. Bukrinsky possesses substantial experience in commercial litigation.  For the last few years Ms. Bukrinsky has represented clients in various intellectual property litigation matters, including trademark litigation.

15.  Amelia Crowley is the Managing Clerk for the firm who filed pleadings and briefings in this matter in accordance with S.D.N.Y. requirements, including complex filings such as Plaintiffs' ex parte application for a temporary restraining order, seizure order, freeze of assets, and expedited discovery, and who maintained litigation files and other documents in the matter and otherwise assisted with discover and litigation tasks from October 2010 through August 2011.

16.     Based on my review of the invoices in this matter dated November 11, 2010, December 8, 2010, January 27, 2011, February 17, 2011, March 23, 2011, April 28, 2011, and May 18, 2011, the total amount of legal fees that Plaintiffs expended in this matter is

$825,645.00.  Based on my review of the same invoices, the costs that Plaintiffs incurred in this action are $44,513.05.

17.     The invoices in this matter consist of many hundreds of discrete time entries and over 40 pages of detail on the specific tasks performed.  Some of the tasks performed in connection with this case were not associated with Defendants, or involved work that was performed in connection with legal research and the drafting of motions that ultimately were not required to be filed.

18.     In order to account for the work that is referred to in Paragraph 17, above, Plaintiffs request that the Court award Plaintiffs $619,233.75 in attorney's fees.  This amount reflects a 25% reduction in the attorney fees that were incurred by Plaintiffs in this case.

19.     Plaintiffs also request that the Court award Plaintiffs $44,513.05 in costs.

20.     Should the Court require true and accurate copies of the MWE invoices, Plaintiffs will file the copies (redacted where appropriate to protect the attorney-client privilege) *in camera*.

21.     I am familiar with the hourly rates for intellectual property attorney litigation matters in federal courts due to my 15 years of experience in federal courts and find that the rates charged by MWE and total number of hours worked to be reasonable for the nature and complexity of the work involved.  MWE's hourly rates are commensurate with or below comparably positioned firms in New York City providing sophisticated legal services. *See, e.g., Gucci America, Inc. v. Jennifer Gucci*, et al. No. 07-cv-6820 (S.D.N.Y.) (in trademark infringement case, approving attorneys' fees request of $705-795 per hour for senior intellectual property litigation partner, $485-$605 per hour for senior intellectual property litigation associate, and $475-$525 per hour for mid-level intellectual property litigation associates);

- 6 -

*Therapy Products, Inc. v. Bissoon*, No. 07 Civ. 8696 (in trademark case, awarding $750 per hour for senior counsel, $490-$580 per hour for intellectual property litigation partner, $295 for second-year intellectual property associate, $430 per hour for same attorney as fourth-year associate); *Union of Orthodox Jewish Congregations of America v. American Food & Beverage, Inc.*, No. 09 Civ. 8800 (S.D.N.Y.) (approving attorneys' fees request of $735 per hour for a partner and $400 per hour for a fourth year associate in trademark infringement litigation).

22.  Plaintiffs have either paid or agreed to pay all of McDermott Will & Emery LLP's above-described fees and expenses in this matter.

23.  If the Court needs any additional information or further detail, the undersigned will be pleased to provide it upon request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.  Executed in Washington, DC on August 5, 2011.

/s/      John J. Dabney
John J. Dabney

DM_US 29557821-1.T05818.0010

## PROOF OF SERVICE

***Guggenheim Capital, LLC et al v. Catarina Pietra Toumei, et al***
Civil Action No.10-CV-8830-PGG

I hereby certify that on August 5, 2011, I caused to be served DECLARATION OF JOHN J. DABNEY, ESQ. IN SUPPORT OF PLAINTIFFS' PETITION FOR ATTORNEYS' FEES via U.S. mail and/or email transmission on Defendants or counsel for Defendants as follows:

| | |
|---|---|
| **Defendant Catarina Pietra Toumei**<br>6136 Paseo Delicias<br>Rancho Santa Fe, CA 92067<br>(858) 504-1556<br><br>3012 Avenida Ciruela<br>Carlsbad, CA 92009-2916<br><br>ladycatarinapietra@gmail.com<br>cat@bestsellingwriter.net<br>cpcount@aol.com | **Defendant Theodor Pardo**<br>3610 Yacht Club Drive, Apt. 212<br>Miami, FL 33180-3542<br>(786) 208-9646<br><br>pardopolis777@msn.com |
| **Defendant Vladimir Zuravel**<br>63-10 Dieterle Crescent<br>New York, NY 11374<br>(347) 242-2304<br><br>vz@vzltd.com<br>vladimirzuravel@mail.ru | **Defendant David Birnbaum**<br>**Defendant Dabir International, Ltd.**<br>525 Ocean Parkway<br>Brooklyn, NY 11218<br>(718) 435-7313 |
| **Saskia van de Griek, Esq.**<br>**(counsel for Defendant Eli Pichel)**<br><br>info@c-lawonline.com | |

Rita Weeks, Attorney for Plaintiffs

DM_US 29557821-1.T05818.0010