UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUGGENHEIM CAPITAL, LLC, AND GUGGENHEIM PARTNERS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CATARINA PIETRA TOUMEI, A/K/A LADY CATARINA PIETRA TOUMEI A/K/A CATARINA FREDERICK; VLADIMIR ZURAVEL A/K/A VLADIMIR GUGGENHEIM A/K/A VLADIMIR Z. GUGGENHEIM A/K/A VLADIMIR Z. GUGGENHEIM BANK; DAVID BIRNBAUM A/K/A DAVID B. GUGGENHEIM; ELI PICHEL; THEODOR PARDO; DABIR INTERNATIONAL, LTD. AND JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 10-CV-8830-PGG<br><br>Honorable. Paul G. Gardephe |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR BOND FOR COSTS ON APPEAL**

    Defendants have failed to offer a legitimate basis for denying Plaintiffs' motion for a bond under Federal Rule of Appellate Procedure 7.  As shown in Plaintiffs' opening brief, Defendants are serial con-artists.  Defendants engaged in a scheme to defraud investors out of billions of dollars by pretending to be Plaintiffs.  Following the commencement of this action, Defendants violated every order in the case—from discovery orders, to the temporary restraining order, to the preliminary injunction order.  Because of those never-ending, material violations of court orders, and because Defendants deliberately chose not to participate in this action, the Court entered default judgment.

Now Defendants have filed what can only be properly described as a frivolous appeal. However, Defendants do not want to be bothered with posting a bond to cover the costs that their frivolous appeal will impose on Plaintiffs and ask that no bond be required. To be clear, Defendants are seeking to avoid a bond while they file a frivolous appeal of a case in which they **willfully defaulted**. Defendants are seeking to avoid a bond while they file a frivolous appeal from an order that **they are knowingly violating to this day**. It is difficult to conceive of facts that justify the posting of an appeal bond under Federal Rule of Appellate Procedure 7 more than the facts here.

Although flamboyant, Defendants' Opposition does not dispute the key points here. Defendants do not deny committing the acts which form the basis of Plaintiffs' complaint. Defendants do not deny that they have violated every order in this case, including the order from which they are now appealing. Nor do Defendants dispute that they have failed to pay the judgment entered against them. Instead, Defendants argue that they cannot afford to post a bond based on nothing more than the declaration of a proven liar: Defendant Birnbaum himself. As shown below, there is no reason to believe that Defendants cannot afford to post a bond, and in any event, the inability to post a bond does not mean that Plaintiffs' motion should be denied.

## ARGUMENT

### I.  Defendants' Appeal is Frivolous and Justifies Imposition of an Appeal Bond.

District courts considering whether an appeal bond is appropriate consider whether the appeal is frivolous. *See, e.g., Curtis & Assocs., P.C. v. Bushman*, 09-CV-890, 2011 U.S. Dist. LEXIS 23905, at *4 (E.D.N.Y. Mar. 9, 2011). The decision to impose an appeal bond under Rule 7 "'has been specifically given to the discretion of the district court' because that court is

presumed 'familiar with the contours of the case appealed.'" *Curtis*, 2011 U.S. Dist. LEXIS 23905 at *4 (quoting *Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998)).

Defendants' appeal here of the Court's entry of default judgment is frivolous. Defendants do not bother to identify the standard of appellate review, which is understandable only because they cannot possible satisfy that standard. A decision to grant a default judgment is reviewed on appeal for abuse of discretion. *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994) (affirming grant of default judgment against defendant). In *Commercial Bank*, the Second Circuit applied the abuse of discretion standard and upheld the default judgment against the defendant foreign banks. The court upheld the default judgment because defendants' default was willful, because the defendants had attempted to evade service, and because defendants lacked meritorious defenses. *Id.* Here, the case for upholding the district court's entry of default judgment is even stronger than in *Commercial Bank*, because Defendants are not foreign sovereigns, Defendant Birnbaum repeatedly attempted to evade service (*see, e.g.*, Dkt. Nos. 10, 18, 21), Defendants' default was willful, Defendants were warned about the imposition of sanctions, and—as this Court has already found—Defendants' bad faith conduct permeates this case.

Defendants are unable to present a coherent argument for why their appeal should succeed. The "factors" Defendants identify in their opposition (Dkt. No. 119 at 8-11) are nothing more than a disjointed list of statements that do not establish any basis for a finding that the district court abused its discretion in entering default judgment. For example, Defendants state that there is a "question to be raised" regarding the Court's finding that the Plaintiffs' marks are famous or that the Court applied the Lanham Act correctly. (*Id.* at 10-11.) Defendants do not provide even the slightest suggestion as to the bases for such a "question," or how it would

impact their chance of success on appeal. Obviously, the Lanham Act applies to a situation, such as the one here, where the Defendants attempt to defraud the public out of billions of dollars through the use of another's federally registered trademark. Indeed, the Lanham Act was enacted to protect the public from deception as to the source of goods and services.

Defendants also extensively quote from *In re 650 Fifth Ave.*, a case that Defendants do not understand. (*Id.* at 10 (citing *In re 650 Fifth Ave.*, 1:08-cv-10934, 2011 U.S. Dist. LEXIS 91363 (S.D.N.Y. Aug. 12, 2011).) In that case, the court **denied** claimants' motion to stay a civil matter in view of pending criminal investigation, just like the District Court did here. *In re 650 Fifth Ave.*, 2011 U.S. Dist. LEXIS 91363, at *52. Therefore, *In re 650 Fifth Avenue* actually **supports** the Courts' decision not to stay this proceeding in light of the criminal charges brought against Defendant Birnbaum.

Finally in this regard, Defendants complain that that Court entered a $1.25 million judgment against them, despite the fact that the Court found no evidence that Defendants profited from their infringing conduct. Defendants do not cite any legal authority that would justify reversing the Court's judgment for this reason. Moreover, Defendants' steadfast refusal to comply with the Court's order granting default judgment, including furnishing a list of all potential business contacts since January 1, 2010, has prevented the discovery of whether and the extent to which Defendants profited from their fraudulent conduct. (*Id.* at 11.) Defendants should not be permitted to withhold information in flagrant violation of the Court order from which they are appealing, and then use the lack of information to argue that the order was unjust.

In summary, Defendants do not offer a legitimate basis for overturning this Court's well-supported and well-reasoned 27-page order granting default judgment. (*See* Dkt. No. 103.) Defendants' Opposition reinforces the fact that Defendants' appeal is entirely frivolous. Thus,

imposition of an appeal bond is appropriate here. *See, e.g.*, *Curtis*, 2011 U.S. Dist. LEXIS 23905 at **6-7 (finding that because the plaintiff identified no legal authorities or factual matters that the court overlooked or erroneously considered, the appeal was properly viewed as lacking merit and imposing appeal bond).

## II. Defendants' Bad Faith and Vexatious Conduct Weighs Heavily in Favor of Imposing an Appeal Bond.

Defendants' bad faith and vexatious conduct permeates this case and weighs heavily in favor of imposing an appeal bond. Defendants never dispute this.[1] Defendants do not dispute that they have failed to comply with Court orders that they pay damages to Plaintiffs. (Dkt. Nos. 102, 103.) A finding that an appellant has an unsatisfied judgment weighs in favor of granting an appeal bond. *See, e.g.*, *Curtis*, 2011 U.S. Dist. LEXIS 23905, at *6 (considering fact that appellant had unpaid judgment and imposing appeal bond). Similarly, an appellants' failure to comply with prior orders to pay costs weighs in favor of imposing an appeal bond. *See, e.g.*, *Baker v. Urban Outfitters, Inc.*, 01 CV 5440, 2006 U.S. Dist. LEXIS 90120, at *2-3 (S.D.N.Y. Dec. 12, 2006) (imposing appeal bond where appellants had not paid appellee's costs previously awarded by the Court).

Moreover, Defendants do not dispute that they have failed to comply with orders that are <u>not</u> monetary in nature—including the Court's order that Defendants provide Plaintiffs with the names and addresses of the individuals who they contacted concerning a proposed business transaction since January 1, 2010 and to file a report in writing and under oath detailing the manner in which they complied with the order. As this Court aptly observed in entering default

---

[1] Defendants create the false impression that Defendant Birnbaum was somehow exonerated of the criminal charges against him. In fact, as Defendants know, the criminal complaint against Mr. Birnbaum was dismissed **without** prejudice and the U.S. Attorney is continuing to actively investigate Mr. Birnbaum and may re-file the Complaint.

judgment, Defendants' history of noncompliance makes it "apparent" that absent extreme repercussions, there is a high likelihood that the Court's further orders would be "ignored." (Dkt. No. 103 at 10.) Given Defendants' history of "willful noncompliance" (*Id.* at 9), there is a high likelihood that Defendants would not pay Plaintiffs' costs should they lose on appeal (which is likely, as discussed above), and Court should impose an appeal bond.

### III.  Defendants' Claimed Inability to Pay Is Not a Basis For Denying Plaintiffs' Motion.

Defendants argue that their alleged inability to pay the appeal bond is grounds for denial of Plaintiffs' motion. (Dkt. No. 119 at 3-8.) In support, Defendants cite the Declaration of David Birnbaum. (*Id.*) But Mr. Birnbaum is inherently untrustworthy. As this Court found, Defendant Birnbaum "engaged in a nationwide scheme to defraud investors" by using counterfeits of Plaintiffs' famous marks. (Dkt. 103 at 14.) David Birnbaum's sworn statements about his finances are not worth the paper they are written on.

Even if one were to accept Mr. Birnbaum's financial representations, Plaintiffs' motion should still be granted. The financial ability to post a bond is only one of four factors to consider in deciding whether to impose an appeal bond. Not all factors must weigh in favor of a bond in order for a court to impose a bond. *See, e.g.*, *Tri-Star Pictures, Inc. v. Unger*, No. 99-7220, 1999 U.S. App. LEXIS 25098, at *2-3 (2d Cir. Oct. 4, 1999) (affirming imposition of appeal bond without reaching the question of appellant's bad faith). Defendants cite no authority holding that financial ability to post a bond is a determinative factor. None of the cases cited in Defendants' opposition involved a situation as egregious as this case, i.e., the frivolous appeal from a case where the Defendants violated every order, willfully failed to participate in the action, and continued to violate the very order from which they filed a frivolous appeal. Thus, the Court can

exercise its discretion to impose an appeal bond notwithstanding their claimed inability to post the bond.[2]

## IV.   An Appeal Bond of $100,000 is Justified In These Circumstances.

Plaintiffs seek an appeal bond of $100,000, which includes estimated anticipated attorneys' fees. Defendants do not dispute that it is proper to include attorney fees in any bond that is imposed here. (*See* Dkt No. 117 at 9-10 (citing *Tri-Star*, at \*\*2-3).) Instead, Defendants dispute the amount of those estimated fees.

As stated in the declaration of John Dabney submitted with Plaintiffs' motion, the $100,000 figure is based on Mr. Dabney's experience preparing numerous prior appeals. (Dkt. No. 116.) It includes an estimate of reasonable attorneys fees that Plaintiffs will incur performing numerous tasks in connection with the appeal, including: preparing a mediation statement; preparing for mediation; participating in mediation; researching applicable case law and rules; drafting and editing the appellate brief; cite-checking and finalizing brief; filing brief and preparing necessary copies; preparing for oral argument; and participating in oral argument. The $100,000 estimate is entirely reasonable in this case.

Defendants claim that "[n]o court has ever authorized a Rule 7 appeal bond in the amount sought here." (Dkt. No. 119 at 12.) This is incorrect. In fact, the court in *Baker v. Urban Outfitters, Inc.*—cited in both Plaintiffs' motion and Defendants' opposition—imposed a requirement that two appellants each post a $50,000 bond, for a total of $100,000.[3] No. 01 CV 5440, 2006 U.S. Dist. LEXIS 90120, at \*4 (S.D.N.Y. Dec. 12, 2006).

---

[2]   Indeed, if anything, it is just that the unidentified individuals who are allegedly funding this frivolous appeal also posts a bond to cover the costs associated with it. (Dkt. No. 199-1 ¶ 10.)
[3]   Numerous other courts have imposed appeal bonds under Federal Rule of Appellate Procedure 7 in excess of $100,000. *See, e.g.*, *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 124, 129 (S.D.N.Y. 1999) (requiring $101,500 appeal bond which included attorneys' fees); *Gamelas v. Dannon Co.*, No. 1:08-CV-236, 2010 U.S. Dist. LEXIS 99503, at \*8 (N.D. Ohio Aug. 31, 2010) (granting appeal bond, noting inclination to set appeal bond in

(continued...)

For these reasons, an appeal bond of $100,000 is entirely appropriate here.

## CONCLUSION

Therefore, Plaintiffs respectfully request that their motion for a bond for costs on appeal be granted.

McDERMOTT WILL & EMERY LLP

October 24, 2011

By:
/s/  John J. Dabney
John J. Dabney (admitted *pro hac vice*)
Rita Weeks (admitted *pro hac vice*)
Robert W. Zelnick (admitted *pro hac vice*)
McDermott Will & Emery LLP
600 13th Street, NW
Washington, DC  20005
(202) 756-8000 (telephone)
(202) 756-8087 (facsimile)

Michael Shanahan (NY Bar. # 3971793)
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY  10173
(212) 547-5400 (telephone)
(212) 547-5444 (facsimile)

*Attorneys for Plaintiffs*
*Guggenheim Capital, LLC and Guggenheim Partners, LLC*

---

amount of $275,000); *Barnes v. FleetBoston Fin. Corp.*, No. 01-10395, 2006 U.S. Dist. LEXIS 71072, at *9 (D. Mass. Aug. 22, 2006) (imposing $645,111.60 appeal bond); *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 813-14 (6th Cir. 2004) (affirming imposition of $174,429 appeal bond).

## PROOF OF SERVICE

*Guggenheim Capital, LLC et al v. Catarina Pietra Toumei, et al*
Civil Action No.10-CV-8830-PGG

I hereby certify that on October 24, 2011, **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR BOND FOR COSTS ON APPEAL** was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and noted below.  In addition, on this same date I caused to be served these documents on *pro se* Defendants as follows:

| | |
|---|---|
| **Ronald D. Coleman**<br>(counsel for defendant David Birnbaum and defendant Dabir International, Ltd.)<br><br>Ronald D. Coleman<br>Goetz Fitzpatrick LLP<br>One Penn Plaza – Suite 4401<br>New York, NY 10119<br>(212) 695-8100<br>rcoleman@goetzfitz.com | Via ECF |
| **Defendant Catarina Pietra Toumei**<br><br>6136 Paseo Delicias<br>Rancho Santa Fe, CA 92067<br>(858) 504-1556<br><br>3012 Avenida Ciruela<br>Carlsbad, CA 92009-2916<br><br>ladycatarinapietra@gmail.com; cat@bestsellingwriter.net; cpcount@aol.com | Via email |
| **Defendant Vladimir Zuravel**<br>63-10 Dieterle Crescent<br>New York, NY 11374<br>(347) 242-2304<br><br>vz@vzltd.com; vladimirzuravel@mail.ru | Via email |
| **Saskia van de Griek, Esq.**<br>(counsel for Defendant Eli Pichel)<br><br>info@c-lawonline.com | Via email |
| **Defendant Theodor Pardo**<br>3610 Yacht Club Drive, Apt. 212<br>Miami, FL 33180-3542<br>(786) 208-9646 | Via email |

| pardopolis777@msn.com | |

*[signature]*

Rita Weeks, Attorney for Plaintiffs

DM_US 30461569-1.067276.0119